ELIZABETH HOGGLAND V. JOHN COTHREN AND OTHERS.

The prayer of a petition, in a suit brought for exemplary damages for a trespass on the person and for an unlawful and forcible invasion of the domicil in committing it, following the recital of acts constituting said trespass, and asking "judgment against the defendants for ten thousand dollars damages for the injuries aforesaid," is a sufficient allegation of the damage, though not elsewhere alleged in the petition, to sustain a verdict for the plaintiff. In a case where special damage only is recoverable, it might be otherwise.

In a case like this, it is too late after verdict to make the objection to such a petition that the plaintiff has not *alleged* any sum as damages sustained by the acts complained of in the petition.

APPEAL from Dallas. Tried below before the Hon. W. S. Todd.

The petition of Elizabeth Hoggland, the plaintiff, alleges that the defendant, with force and arms made an assault upon her and the members of her family; entered her dwelling house and attempted to set it on fire; that she and her said family were alarmed and abused by the violence aforesaid; prays for citation to the defendants and for judgment as recited in the opinion. There is no direct or special *averment* of damage in the petition. The defendants pleaded the general issue. There is no statement of facts in the case.

*Johnson & Townes*, for the appellant.

*W. B. Wright*, for the appellees.

ROBERTS, J.—A verdict was found and judgment rendered in favor of the appellant for the sum of six hundred and fifty dollars damages. The judgment was arrested, and the only ground set forth in the motion to arrest it, is because "the plaintiff has not alleged in her petition that she sustained any sum as damages by the acts of these defendants set forth in the petition."

The petition states that the defendants did, with force and arms enter the dwelling house of plaintiff, and did then and there, with force and arms assault, and beat, and bruise the plaintiff and her daughter, who was living with her as part of her family ; and after stating various circumstances and incidents of aggravation to the trespass, it concludes as follows : " Wherefore she sues and prays judgment against the defendants for $10,000 damages for the injuries aforesaid, and for her costs herein expended, and for general relief."

The main ground of action attempted to be alleged, was the forcible entry of the dwelling house of the plaintiff by the defendants. There is no special damage claimed for the assault and battery of plaintiff, but those as well as the other outrages are stated in the petition as circumstances of enormity attending the trespass. The pecuniary injury to the premises in such a case must be nominal, and the damages are usually laid by fixing some gross amount sufficient to cover not only the mere actual damage, if any, but also exemplary damages for the attendant outrages. The mode of stating the damage is by stating the trespass and other wrongs, " to the damage of the plaintiff ten thousand dollars," or other like gross amount. This is the formal mode of laying such damage. It is followed by asking a judgment for such damages in the prayer of the petition. The allegation of the damage, thus indirectly made, is not understood to be the statement of a specific fact which must be proved as alleged, but as a merely nominal estimate of damage claimed by plaintiff for the injuries alleged.

It is in cases of special damage, where some amount of damage is directly averred to have been sustained.

The amount claimed by plaintiff in this case for injuries alleged, is plainly indicated in the prayer of the petition. No exception was taken upon the trial, to the mode adopted of making the claim. That it was designed by the petition to demand exemplary damages for the trespass, and not special damages for the various injuries alleged, must have been too obvious to be misunderstood. The defendants could not but know from the prayer of the petition that plaintiff claimed the nominal gross amount of

ten thousand dollars, as damages for the acts alleged to have been committed by them. It would have been the same thing in substance, if the usual indirect averment had been made, "to the damage of plaintiff $10,000." In either case it would be in substance a gross amount claimed for the injury alleged. The objection, therefore, is rather to the mode of claiming the damage, and not that it was not claimed. We think it too late, after verdict, to make such an objection in such a case. It might have been very different in a case of special damage, or in a case where the damage recovered could only be special. This evidently not being such a case, it is unnecessary to express any opinion about it. (Cook v. Garza, 9 Tex. R., 362; Sedgwick on Damages, 457.)

We are of opinion that the ground set forth in the motion in arrest of judgment was insufficient, and that the court erred in sustaining the motion, and in setting aside the judgment.

The judgment of the court sustaining the motion in arrest, is reversed, and the judgment of the court below rendered upon the verdict of the jury is reinstated and cause remanded.

Judgment reinstated and cause remanded.