### H. W. WILLIAMS & CO. v. H. PERRY.

#### (No. 2190.)

APPEAL from Tarrant County.　Opinion by WHITE, P. J.

*(Transferred from Austin.)*

JAS. C. SCOTT and HENRY FINCH, counsel for appellants.

B. P. AYRES, counsel for appellee.

§ 209. *Petition in suit for conversion of property; sufficient allegation of value of property.* Appellee sued appellants to recover damages for the alleged wrongful seizure and conversion of a stock of drugs, and recovered judgment for the value of said drugs. The facts of the case are, substantially, that one Bishop, being indebted to appellants, they sued him, and sued out an attachment against his property, and caused said attachment to be levied upon said stock of goods, which were found in the possession of appellee, but which appellants allege belonged to said Bishop. Before the levy of said attachment, Bishop had sold, transferred and delivered the drugs to appellee. At the time of said sale appellee was, and had been for some time prior thereto, Bishop's clerk in the drug business, and Bishop was indebted to him for wages, etc. Appellee, at the time of said sale, knew that Bishop was insolvent, and knew that he owed the debt to appellants, and that he owed other debts. The consideration of said sale was the amount Bishop owed ap-

pellee, and appellee assumed payment of some small debts which Bishop owed, and also paid Bishop $50 in money. Appellants pleaded that said sale and purchase were made to hinder, delay and defeat Bishop's creditors, and was therefore fraudulent and void, and that said drugs were in fact the property of said Bishop when the same were seized and sold under said attachment. Appellants excepted to appellee's petition because, whilst it set out in an exhibit the various articles of drugs seized, it did not allege the values of such articles, nor was the aggregate value thereof shown by said exhibit. This exception was overruled. *Held*, not error. It was alleged in the petition that said stock of drugs was reasonably worth $500, and that sum was claimed as actual damages. This is not a suit upon an open account, nor upon an account stated, but the cause and gist of the action is the injury done by the alleged wrongful seizure and conversion of the drugs. There was no necessity to state the value of the various articles; the values of the separate articles, or the aggregate value, could either or both be proved under the general allegation of reasonable value. [Kolb v. Bankhead, 18 Tex. 228; Hoggland v. Cothren, 25 Tex. 345.]

§ **210.** *Fraudulent transfer of property; rules as to.* Appellee testified that he bought the stock of drugs in payment of a debt due him by Bishop, and for the excess of the value of said drugs over the indebtedness of Bishop to him, he paid Bishop $50 in money and assumed payment of some other debts which Bishop owed. The drugs were more than sufficient to pay the debt which Bishop owed him, and when he made the trade he knew that Bishop was going to leave the country with the money he paid him. *Held:* "The rule is, that if a creditor acts *bona fide* and with the sole purpose of securing his debt, he may receive property in payment of a debt due him, if the transfer be openly made, and *no more property be taken than may be reasonably required to discharge the debt*, and this, although the creditor

may know at the time of the transfer that he will prevent other creditors from enforcing their claims, and that the debtor is prompted in making such preference payment by motives of friendship." [*Ante*, § 135.] In Edwards v. Dickson et al. [Tyler Term, 1886], decided by our supreme court, it is said that this right of the creditor is subject to the qualification that *no more property must be transferred than is essential to pay the debt at a fair valuation*, etc. Appellant requested the following special charge: "You are charged that a creditor may take goods from a failing debtor provided he does so openly, but he must take no more goods than will be sufficient to pay his debt; and if a creditor does take more goods than is sufficient to satisfy his claim, and pays such failing debtor money or other valuable consideration that such debtor can and does place beyond the reach of other creditors, then the whole transaction will be fraudulent and void, and if, in this instance, you shall find plaintiff paid to Bishop money, and assumed to pay the debts of Bishop to some of his other creditors, then the transaction will be fraudulent and void, and you will find for defendant." The principle enunciated in this charge is correct, and said charge is a direct affirmative presentation of said principle, and was applicable to and demanded by the facts. It was not contained in the charge given to the jury, and it was material error to refuse to give it.

December 8, 1886.  Reversed and remanded.