## C. J. Foster v. L. S. Roseberry.

### No. 1341. Decided June 23, 1904.

**Jurisdiction of District Court—Amount in Controversy.**

The amount in controversy giving the district court jurisdiction is deter-- mined by the damage alleged in plaintiff's petition, though upon indefinite allegations, unless it appears that only a sum insufficient to support juris- diction is recoverable, or the general allegation supporting it is a purely formal one, such as the ad damnum clause in a suit upon a note. (Pp. 141, 142.)

Questions certified from the Court of Civil Appeals for the First Dis-- trict, in an appeal from Nueces County.

*J. C. Scott, R. R. Savage, Jr.,* and *Delmas Givens,* for appellant.

*McCampbells & Stayton* and *H. R. Sutherland, Jr.,* for appellee.

WILLIAMS, Associate Justice.—Certified questions from the Court of Civil Appeals for the First District, as follows:

"In the above styled cause pending in this court on writ of error from the District Court of Nueces County, the petition upon which the defendant in error recovered a judgment in the court below, omitting its formal parts, is as follows:

"'2.    That on or about the 21st day of July, A. D. 1902, plaintiff and defendant entered into a contract of rental, for the full period of one year from said date, of the following lands and tenements, owned and controlled by said defendant, to wit:   Those certain tracts or parcels of land situated in the county of Nueces and State of Texas, and designated upon the map of Flour Bluff and Encinal Farm and Garden Tracts, on. file in the office of the county clerk of said county as blocks three (3) and four (4) in section No. 19, and blocks No. 19-20 and 29 and 30 in. section 18, together with all the live stock, poultry and houses thereon or thereto pertaining.

"'3.    That said contract of rental was in writing and was in terms substantially as follows, to wit:

"'""Corpus Christi, Texas, July 21, 1902.

"'"'"Be it known to all men that Dr. C. J. Foster of the first part and L. S. Roseberry of the second part does this day enter into the fol- lowing contract, to wit:   That Dr. C. J. Foster of the first part agrees to furnish houses, horses and all necessary implements to run the farm (meaning the lands above described), also fifty hens, giving said Rose- berry privilege to milk any cows on the place that may be giving milk, said L. S. Roseberry to have one-half of the profits of chickens, twenty

per cent of crop, and fifteen dollars per month, and may move any buildings he may build with his own money, for his own convenience. Said C. J. Foster further agrees to furnish all necessary seed and feed for running the farm of twenty-five acres of land, and said L. S. Roseberry of the second part agrees to cultivate said twenty-five acres of land, look after all stock on farm, and care for the place to the best of his ability. This contract to hold good one year from date.

(Signed)    " ' "DR. C. J. FOSTER, of the First Part.
· (Signed)    " ' "L. S. ROSEBERRY, of the Second Part."

" '4. That by virtue of said contract of rental this plaintiff entered into possession of the above described real estate and the dwelling house, outhouses and barns situated thereon, as well as all the personal property pertaining to said premises and consisting of three milk cows, branded —— and ear marked ——, four head of work horses, branded ——, two sets of harness, farming implements, tools and fifty-five chickens, on or about the twenty-first day of July, A. D. 1902; that immediately thereafter this plaintiff prepared all the tillable portion of said land for cultivation and did plant thereon, upon the faith of said contract, ten acres of cane or sorghum, and four acres of cabbage, and three acres in onions and other garden stuff; that said land was properly and thoroughly prepared and cultivated by this plaintiff for the growing of said crop, and that all of the aforesaid crops were properly planted and cultivated by the plaintiff; that plaintiff took charge of and gave due care to all of the live stock and poultry upon or appertaining to said leased premises.

" '5. That on or about the tenth day of December, A. D. 1902, the said defendant denying the right of plaintiff and in violation of his said rental contract, and with force of arms, entered upon said premises and ousted this plaintiff from the possession of the above described property, real and personal, save and except the dwelling-house thereon. That said defendant without right and in defiance of plaintiff's right, did wrongfully cut and harvest said crop of cane or sorghum, although the same had not fully matured, and did appropriate all of same to his own use and benefit, and withholds plaintiff's interest therein, to wit, twenty per cent thereof, which said interest is of the reasonable market value of twenty-five dollars. That said defendant has taken possession of the cabbage, onions and other crops on said premises, refusing the defendant the opportunity of cultivating and caring for same, and denying this plaintiff of any interest therein. That said crops are in such a state of advancement in their growth as to require the constant care and cultivation of this plaintiff, and that said defendant is not caring for or cultivating the same, but has turned his stock loose upon same, and that said crops are suffering for want of such care and cultivation, and that same will be a total loss unless this plaintiff be permitted to care for and cultivate same, which right and opportunity said defendant denies

to this plaintiff, although plaintiff is ready, willing, able and anxious to bestow the needed care and cultivation.

"'6. This plaintiff further alleges that said defendant, ignoring the right of plaintiff, has taken possession of all of the work horses, milk cows, harness, farming implements, tools, chickens, and outhouses and barns hereinbefore described, and appropriated the same to his own use and refuses to surrender the same or any part thereof to this plaintiff.

"'7. That the reasonable market value of said crops of cabbage, onions, etc., if properly cared for and cultivated and marketed, is about the sum of three hundred and fifty dollars, of which this plaintiff is entitled under the aforesaid contract to twenty per cent, all of which will be lost to plaintiff if defendant is permitted to continue in possession of the same. That the poultry appropriated by the said defendant is of the value of twenty-five dollars of which this plaintiff is entitled to fifty per cent, all of which will be lost to plaintiff if defendant is permitted to continue in possession of same.

"'8. That the defendant has taken forcible possession of the said leased premises, save and excepting the dwelling house, locking the gates and barn doors of same, denying plaintiff right or entry thereto or possession thereof, and further that said defendant has maintained such possession by force of arms and threatens the plaintiff with his life should plaintiff undertake to enter upon same or exercise his rightful control of the same.

"'9. This plaintiff further alleges that said defendant is not a man of means and is not able to respond in damages to plaintiff for this, that he has nothing beyond the exemptions allowed by law that can be reached by the process of law, and that unless this plaintiff be granted relief herein sought he is without remedy at law and will suffer irreparable injury, in that the writ of sequestration will not prevent the said defendant from further trespassing upon the rightful possession of this plaintiff of the said premises or a further waste of same.

"'10. This plaintiff further alleges that under the terms of the said contract of lease he has right of possession of the said leased premises for the unexpired term of six months, and that unless the said defendant is prevented from interfering or molesting this plaintiff in his said possession he will suffer irreparable injury, in that he can not prepare the ground upon the said farm for the making of a spring crop upon same, and that he has ample time for the making of a valuable spring crop upon the said land, before the term of the said lease expires.

"'11. This plaintiff alleges that by reason of the acts of the defendant herein set out, plaintiff has been damaged in the sum of one thousand dollars.

"'This plaintiff prays that he have judgment for the restitution of the aforesaid premises, for damages, and for writ of injunction, commanding defendant to restore the plaintiff the possession of the leased premises, and all things pertaining to same, together with all the personal property and restraining him or his agents from molesting or in-

terfering with plaintiff in such possession or the use and occupancy of said premises during the term of the said lease and for costs of court and for such further relief, general or special, as to him may be due, either in law or at equity, and as in duty bound he will ever pray, etc.

" 'I, L. S. Roseberry, do solemnly swear that the matters and things set out in the foregoing petition are true.

" 'L. S. ROSEBERRY.

" 'Subscribed and sworn to before me on this the 19th day of January, A. D. 1903, by L. S. Roseberry.

(Seal)       " 'R. O. COOK, Clerk D. C. Nueces Co., Texas.'

"To this petition the defendant in the court below excepted on the ground that it shows upon its face that the court had no jurisdiction of the cause of action therein alleged. This exception was overruled.

"The trial of the cause by a jury resulted in a verdict and judgment in favor of plaintiff for the possession of the premises and property described in the petition during the term of plaintiff's lease and restraining defendant from interfering with plaintiff's possession of the property and premises during said term. No recovery was had upon the claim for damages.

"Upon a consideration of the case after its submission in this court on a former day of this term we affirmed the judgment of the lower court. Vide Foster v. Roseberry, 78 S. W. Rep., 701. His motion for a rehearing having been overruled, plaintiff in error filed an application to the Supreme Court for writ of error. This application was dismissed by your honorable court on March 24, 1904, 'for want of jurisdiction.' After his application for writ of error was dismissed, plaintiff in error asked leave to file a second motion for rehearing in this court, and his request having been granted he has filed a motion for rehearing, which is now pending before us, asking that the judgment of the court below be reversed on the ground that said court had no jurisdiction of the cause of action set up in the petition.

"We respectfully certify for your decision the following questions:

"First. Did the trial court err in overruling defendant's exception to the petition?

"Second. If the exception to the petition should have been sustained, what disposition should be made of the case by this court?"

The petition did not show on its face that the district court had not jurisdiction, and the trial court did not err in overruling the exception stated, which raised no question as to the vagueness and uncertainty of the allegations. The averment that the plaintiff had been damaged by the acts set forth in the sum of one thousand dollars, was of itself sufficient to give the court jurisdicion. It can not be disregarded, as such general allegations sometimes are when it appears from the nature of the case stated that no such damage could have been sustained, as where to a declaration on a promissory note the plaintiff adds the general ad damnum clause. The wrongs alleged were such as might have caused

the damage claimed and it can not be held that such an allegation was not sufficient to meet the exception urged. We presume that the opposite contention is based on the construction of the pleading that it claims no damages but the values of the cane, vegetables and poultry specifically stated; but the petition shows that plaintiff had been deprived of other valuable rights, and the general allegation is therefore not inconsistent with the specific ones referred to, but is virtually a claim for one thousand dollars as the whole damage. As before intimated, the question whether or not the allegations were sufficiently specific is not determinative of the question of jurisdiction, which alone was raised by the exception. In no view of the petition can it be said that it shows affirmatively that the case was not within the jurisdiction of the court. The dismissal by this court of the application for writ of error did not determine this question. This court does not necessarily have jurisdiction because the district court has. Rev. Stat., arts. 996, 1155.