C. B. CARSWELL & COMPANY v. LOUIS HABBERZETTLE, ADMINISTRATOR.

No. 1415.   Decided May 1, 1905.

**1.—Warranty—Incumbrance—Taxes—Penalties.**

   The warranty against incumbrances on a sale of land covers, not only the lien for state, county and city taxes attaching to the property while owned by the grantor, but the costs and penalties incurred for nonpayment, though accruing after the conveyance.   (P. 5.)

**2.—Same.**

   The duty to prevent the attaching of costs and penalties by making payment of taxes resting on the warrantor of title, his warrantee was under no obligation to prevent the attaching of same by himself making payment, and could recover, upon the warranty, the costs and penalties, as well as the taxes which he was compelled to pay by the warrantor's default.   (P. 5.)

   Questions certified from the Court of Civil Appeals for the Fifth District, in an appeal from Hill County.

   *W. H. Allen*, for appellants.—The costs and penalties are made a lien upon the land and constitute an incumbrance thereon as binding as the original taxes.   Constitution, art. 8, sec. 15; Rev. Stats., art. 635; Cruger v. Ginnuth, 3 Civ. Cases (Willson), sec. 24.

   *A. G. Walker*, for appellee.—A warranty of title to land, if the title fails, is breached on the delivery of the deed; against incumbrance is breached when the debt or incumbrance falls due.   Any additional incumbrance while the vendee is in possession is not covered by the warranty.

   The costs and penalties, in addition to the taxes, are shown by appellants' petition to have been occasioned by appellants' own laches and negligence, while in possession of the land and with knowledge of the fact of the taxes not having been paid.   The only claim that plaintiff could urge against Geo. Walter, deceased, was the amount of the taxes due October, 1900, which was less than $200.   While such penalties and costs became a lien on the land, after it was created in February, 1901, it was not a charge against the warrantor or his estate.

GAINES, Chief Justice.—This is a certified question from the Court of Civil Appeals of the Fifth Supreme Judicial District. The statement and questions are as follows:

"The appellants brought this suit in the County Court of Hill County, against Louis Habberzettle, as administrator of the estate of George Walter, deceased, to establish against the estate of said Walter a claim alleged to be due them on account of the breach of the covenants of warranty contained in a deed executed April 16, 1900, by the said Walter to appellants, conveying to them certain real estate situated in the city of Terrell, Kaufman County, Texas.

"The petition filed, omitting the title of the case, is as follows: 'Your petitioners, C. B. Carswell and J. B. Whitfield, complaining of Louis Habberzettle, represent: That plaintiffs reside in Kaufman County, Texas, and are partners engaged in business in the firm name and style of C. B. Carswell & Co.; that the defendant is a resident citizen of Hill County, Texas, and is the duly appointed, qualified and acting administrator of the estate of George Walter, deceased, who departed this life on or about the — day of August, 1901, and that administration is pending on said estate in the said Honorable County Court of Hill County; that heretofore, on, to wit, about the 16th day of April, 1900, while plaintiffs were partners and were engaged in business in their firm name aforesaid, the said deceased, George Walter, in his lifetime, joined by his wife, Carry Walter, for a valuable consideration then and there paid him by plaintiffs, sold to plaintiffs a certain tract of land in the city of Terrell, in Kaufman County, Texas, known and designated as block No. 101, in the Moore and Nash addition to the city of Terrell, and at said time executed and delivered to plaintiffs a warranty deed in writing duly signed and acknowledged by himself and his said wife, wherein and whereby he conveyed to plaintiffs said lands and all improvements thereon and in said deed bound himself, his heirs and legal representatives, to warrant and forever defend the said premises, their heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof, and thereby covenanting that said premises were free from all incumbrances and all charges for taxes for the said year 1900; that at the time of said conveyance the said land and premises were in fact incumbered with the taxes for the said year 1900, which the said deceased wholly refused and failed to pay; that deceased rendered said property to the state and county for taxes for said year at $10,000 and other personal property to the amount of $200, making a total valuation of $10,200 subject to the following taxes, to wit: State advalorem, $17; state school tax, $18.36; state poll, $1.50; county advalorem, $45; county poll, 25 cents; total, $83.01, as more fully appears from a certified copy of the tax rolls of Kaufman County, Texas, for said year 1900, hereto attached and made a part hereof, and marked exhibit B. That such said taxes were duly and legally levied by the Commissioner's Court of said Kaufman County as appears by a certified copy of such order by said court hereto attached and marked exhibit C; said deceased also rendered said property for taxation to the city of Terrell for said year, placing the valuation thereof at $12,000 and also rendered $120 of personal property,

making a total rendition of $12,120 subject to the following taxes to said city, to wit: City general revenue tax, $30.30; city school tax, $30.30; city water works, $30.30; street and bridge fund, $18.18; total amount of tax, $109.08, as appears from a duly certified copy of such rendition and tax roll for the city of Terrell hereto attached and made a part hereof and marked exhibit D. That said city taxes were duly levied by the said city of Terrell for said year as appears by a duly certified copy of the ordinance of the city council of said city hereto attached and made a part hereof and marked exhibit E. That by the ordinances of said city of Terrell all property within said city is subject to taxation on the first day of January of each year and the rendition for taxes is made as in the statutes of this state to apply to and include the property owned on the first day of January of each year, and are due and payable on the first day of December of each year, and such taxes are made a lien upon all real property in said city and the same penalties and costs are provided for the default as by the state law, as more fully appears by a certified copy of Articles 75, 155, 149, 150 and 168 of the ordinances of the city of Terrell hereto attached and made a part hereof and marked exhibit F; that all of said taxes, both state, county and city, were an incumbrance upon said land and the said deceased failed and refused to pay the same or any part thereof when due and demanded and these plaintiffs were forced to pay to the state, the county, the said tax of $83.01, with $9.80 interest and costs, making a total to the state and county of $92.81, which amounts plaintiffs paid to the tax collector of said Kaufman County on the 19th day of June, 1901, and plaintiffs were also forced to pay to the tax collector of the said city of Terrell the said city tax of $109.08 and $10.90 interest, penalty and costs, making a total of $119.98 paid, which amount so paid to said city tax collector was paid June 20, 1901, to said city tax collector, and making in all an outlay of $212.79; that heretofore, to wit: on the 7th day of August, 1902, plaintiffs presented an account for said debt duly verified to the said defendant, Louis Habberzettle, as administrator of the said estate of George Walter, deceased, for acceptance and allowance as a claim against said estate, and the said defendant then and there on said day refused to allow the same or any part thereof as more fully appears by reference to said account, which is attached to and made a part of plaintiffs' petition herein and marked exihibit A; and said defendant then and there indorsed in writing his said refusal of said account. Plaintiffs charge that by reason of the premises the said defendant has become liable to plaintiffs in the said sum of $212.79, with interest thereon from January, 1901, which sum he still fails and refuses to pay, to the damage of plaintiffs, $300.

" 'Wherefore the said defendant having already been duly served and having filed answer herein the plaintiffs pray that they have judgment for their said damages and interest and costs of suit, and that the same may be established as a claim against the said estate and for general relief.'

"The exhibits mentioned, and as alleged, were annexed to and made a part of the petition.

"To plaintiffs' said petition defendant interposed the following spe-

cial exceptions: 'First, said petition fails to show that this court has jurisdiction of the subject-matter herein.

" 'Second: Said petition shows that the breach of warranty complained of is alleged to have been made on April 16, 1900, when there were no taxes due on the land purchased by plaintiffs from defendant's intestate, and that only the amount of $192.09 became thereafter due (over which amount the court has no jurisdiction) and that the balance of the claim of plaintiffs is for penalties and costs, which, as shown by said petition, if any there were, was through the negligence and laches of plaintiffs while in possession of property, which could not be charged to defendant or his intestate, wherefore the defendant says that this court is without jurisdiction of the subject-matter herein.

" 'Third: Said petition fails to show that this defendant or his intestate, George Walter, has any notice of the nonpayment of such taxes and the penalties and costs accrued thereon. All of which defendant prays judgment of the court and that he be discharged with his costs.'

"These exceptions were sustained by the trial court and the cause dismissed. The court held that plaintiffs were not entitled to recover the costs and penalties set up in their petition and struck out the same; that after deducting the sum of said costs and penalties, the amount remaining in controversy was less than $200, and the court was without jurisdiction to render judgment therefor.

"QUESTION 1.

"Did the court err in sustaining defendant's exceptions and in dismissing the case?

"QUESTION 2.

"Were the penalties sought to be recovered an incumbrance on the land and premises conveyed by appellee's intestate to appellants, and the amount thereof recoverable, as a proper element of appellant's damages for a breach of the covenants in appellant's deed?

"QUESTION 3.

"Was the duty imposed upon appellants to exercise ordinary care and diligence to prevent the accrual of the penalties sought to be recovered, upon the theory that they should have done what a person of ordinary prudence would have done under the circumstances, to lessen the damages which would result from a breach of the warranty sued on? If so, were appellants required, in the exercise of such care, to pay the taxes due on the land conveyed, before the time for the accrual of such penalties, or was it a question for the determination of the jury, from all the facts, whether the exercise of such care would have required such payment?

"QUESTION 4.

"If appellants were not entitled to recover the penalties sued for did the county court have jurisdiction to hear and determine the cause for amount of the taxes for the year 1900, sued for, which was only $192.09?"

It is now the settled law in this court, that although the amount claimed in the petition may be sufficient to give the court jurisdiction

of the case, yet if the facts alleged be such as to show no cause of action as to such part of the whole sum sued for, as to reduce it below the amount for which the court has jurisdiction, the suit should be dismissed. (Western Union Tel. Co. v. Arnold, 9 Texas Crt. Rep., 343.) But we are of the opinion that the penalties and costs which accrued upon the failure of the grantor in the deed to pay the taxes, stand upon the same footing as the taxes themselves. The covenantee in a case like this makes no promise to the covenantor and owes him no duty. On the other hand, it is the duty of the latter to remove the incumbrance. Therefore, as we think, that if to the debt of the covenantor, which constitutes the incumbrance on the land, there is annexed, either by law or by contract, some condition, by the happening of which the debt may be increased, and the condition happens, the increment is as much a part of the incumbrance as the original debt; and we also think the rule would apply with peculiar force, when the happening of the contingency is the result of the covenantor's own default. For illustration, let us suppose that A, after having given a mortgage upon a tract of land conveys it to B with a covenant against incumbrances, that the debt secured contains a stipulation that in case suit is brought, the debtor shall pay ten percent additional as attorney's fees and that the debtor fails to pay and suit is brought? In such a case it could as well be said that the interest on the debt was not covered by the mortgage as that the attorney's fees were not. So in this case, by reason of the default of the grantor in the deed in failing to pay the taxes assessed, the debts are by operation of law increased by penalties and costs, which increase it was the duty of the covenantor and not the duty of the covenantee to prevent. Clearly the state, county and city had a lien upon the land as well for the penalties and costs as for the taxes themselves; and we fail to see any principle upon which it can be claimed that any duty was devolved upon the covenantee to discharge at any stage the obligation which the covenantor had undertaken to perform.

We accordingly answer the first question certified in the affirmative, and deem it unnecessary to answer any other except as indicated in this opinion.