MARTIN v. GOODMAN. (No. 7568.)*

(Court of Civil Appeals of Texas. Dallas. May 27, 1916. Rehearing Denied July 1, 1916.)

1. FRAUD ☞59(3) — ACTION — DAMAGES — FRAUDULENT REPRESENTATIONS IN SALE OF LAND.

Where a vendee is induced by false representations as to the value, condition, or quality of lands to enter into a contract to purchase to his loss, the measure of his damages in an action for fraud is the difference between the sum paid and the value of the land received.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 62; Dec. Dig. ☞59(3).]

2. COURTS ☞122 — LIMITED JURISDICTION — AMOUNT IN CONTROVERSY.

When it appears from specific allegations of pleading that the amount recoverable is below the jurisdiction invoked, general allegations of a greater sum not supported by the very nature of the case made are unavailing to confer jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413, 427; Dec. Dig. ☞122.]

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by Anna Goodman against J. B. Martin and others. From judgment for plaintiff, the named defendant appeals. Reversed and dismissed.

L. R. Callaway, of Dallas, for appellant. J. M. Terrell and Harry P. Lawther, both of Dallas, for appellee.

RASBURY, J. Appellee sued appellant and Crotty & Miller in the court below for damages grounded upon the fraud of appellant in the sale of a lot of land in the city of Dallas to appellee. The pleadings upon which appellee went to trial alleged, in substance, that appellant, who was the owner of a certain city lot in Dallas, in collusion

with Crotty & Miller, real estate agents, and acting through one Holland, pointed out and offered to appellee for sale another and more valuable lot, falsely representing same to be appellant's lot, which appellee, who was ignorant of the deception, and who relied upon the representations so made, purchased, paying therefor $850. It was also alleged that appellant, in consummating said sale, conveyed appellee, not the lot pointed out, but the one he really owned, which was only of the value of $450, while the lot pointed out to her and represented to be the one conveyed was of the value of $1,750. It was further alleged that by the false representations in the sale and purchase of said lot appellee had been damaged "in a large sum of money, to wit, in the sum of $1,500, for which sum appellee prayed judgment." The original and amended answer of appellant, so far as it is necessary to state, consisted of a general demurrer and a special exception challenging the jurisdiction of the court on the ground that the amount in controversy, exclusive of interest, as shown by appellee's pleading, was a sum less than $500. There was trial by jury to whom the court, after overruling the general demurrer and special exception noted, referred certain special issues of fact. Upon the findings of the jury judgment was entered by the court for appellee against appellant and Crotty & Miller for $432.48, from which entry appellant alone prosecutes this appeal.

[1] The first assignment of error complains of the action of the court in overruling the general demurrer and the special exception challenging the jurisdiction of the court referred to in our statement of the case. The proposition urged in support of the claimed error is that the measure of appellee's damages as pleaded was the difference in value of the lot she received and the amount she paid therefor; and, it appearing from the pleading that such amount was $450. the district court was without jurisdiction to determine the controversy. The first inquiry then is: What sum was appellee entitled to recover as damages under the facts urged in her petition? There was at one time some confusion and perhaps some difference in the adjudicated cases in the Supreme Court on the issue presented; but there has, as we understand the cases now, been no controversy about the rule since the holding in George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456. In that case the holding is that where a vendee is induced by false representations as to the value, condition or quality of lands, as distinguished from quantity, title, or incumbrances, to enter into a contract of purchase to his loss, the measure of his damages, in a suit for that purpose, "is the difference between the value of that which he has parted with and the value of that which he has received."

The rule stated is also that of the Supreme Court of the United States. Sigafus v. Porter, 179 U. S. 116, 21 Sup. Ct. 34, 45 L. Ed. 113. The rule, however, is not general in all the states. See notes to George v. Hesse, 8 L. R. A. (N. S.) 804.

[2] The measure of appellee's damages as disclosed by her pleading being that stated, and it appearing therefrom that such amount was not cognizable in the district court, should the trial court have sustained the general demurrer or the special exception by authority of both of which the issue was presented? Appellee declares that the demurrer and exception were properly overruled for the reason that the jurisdiction of the district court was to be determined by the amount declared in the petition to be the damages suffered, unless it was alleged and proven by appellant that such amount was claimed for the fraudulent purpose of conferring jurisdiction upon the trial court. The pleadings did, as we have shown, declare that appellee had been damaged $1,500 by the false representations concerning appellant's ownership of the lot pointed out, and sought recovery for that amount. The pleadings also disclosed that appellee paid $850 for the lot, and that its actual value was $450. The Supreme Court was at one time also in disagreement on the issue thus presented; but, as in the case of the issue just discussed, the decisions have been uniform since the case of W. U. Tel. Co. v. Arnold, 97 Tex. 365, 77 S. W. 249, 79 S. W. 8. In that case it was held, in substance, that courts generally, when jurisdiction of the case is obtained, will retain it for the purpose of rendering complete justice upon the whole case, but that it does not follow from that rule, when it is disclosed by the pleadings that the plaintiff has no cause of action, except one which he should have asserted in another tribunal, that such cause of action will be entertained because another claim is asserted for which the plaintiff may in no event recover. By the rule controlling appellee's measure of damages she was entitled to recover the difference between the actual value of the lot and the amount he paid for it, which was $450. By the rule of pleading announced in W. U. Tel. Co. v. Arnold, supra, the only effect of the allegation that she was damaged $1,500 was to assert a claim upon which she was not entitled to recover, and which may not be considered for that reason in determining the jurisdiction of the court. To put the rule in another way, whenever it appears from specific allegations of pleading that the amount recoverable is below the jurisdiction invoked, general allegations of a greater sum not supported by the very nature of the case made is unavailing to confer jurisdiction, "as where to a declaration upon a promissory note the plaintiff adds the general ad damnum clause." Foster v. Roseberry, 98 Tex.

138, 81 S. W. 521; Carswell & Co. v. Habberzettle, etc., 99 Tex. 1, 86 S. W. 738, 122 Am. St. Rep. 597.

Accordingly, it becomes our duty to reverse the judgment and dismiss the case; for as said in Pecos & North Tex. Ry. Co. v. Canyon Coal Co., 102 Tex. 478, 119 S. W. 294:

"The defendant had a right to have the issue involved * * * tried in a court of competent jurisdiction, and he cannot be deprived of that right by an act of his opponent to which he does not consent."

Reversed and dismissed.

