### CANYON POWER CO. v. GOBER. (No. 1117.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 21, 1917. Rehearing Denied March 7, 1917.)

1. DAMAGES ⚙⟿159(1)—PLEADING—PETITION.
    Where plaintiff alleges that his wife, as the result of tripping over a wire maintained by defendant, sustained certain injuries which were permanent, and that she was unable to perform her household duties as before, and the plaintiff and his wife had incurred indebtedness for medical treatment and medicine to the extent of $100, and there is a prayer that on final trial plaintiff have judgment to the sum of $2,500 the amount to which he is justly entitled by reason of the premises, the fact that there is not a specific statement in the body of the petition of the amount of damages, except the sum of $100, does not limit the amount in controversy to that sum; the statement in the prayer being sufficient as an allegation of damages, in the absence of exceptions.

    [Ed. Note.—For other cases, see Damages, Cent. Dig. § 441.]

2. NEGLIGENCE ⚙⟿111(3)—ACTIONS — PLEADING—PETITION.
    In an action for personal injuries, where the facts are so stated in the petition that the sequence between the alleged negligence and the resultant accident clearly appears as cause and effect, a general demurrer was properly overruled, though there was no direct statement that

the negligence alleged was the proximate cause of the accident.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 183½.]

3. ELECTRICITY ⬤⇒19(6)—ACTIONS—QUESTION FOR JURY.

Evidence that a guy wire was maintained by defendant in a position where it would constitute an obstruction across the most natural entrance to a residence on alighting from a conveyance is sufficient to authorize submission to the jury of the question of negligence in maintaining it in such position.

[Ed. Note.—For other cases, see Electricity, Cent. Dig. § 11.]

4. ELECTRICITY ⬤⇒14(1)—CARE REQUIRED — EFFECT OF FRANCHISE.

The possession of a franchise by a power company, authorizing it to erect and maintain poles, fixtures, and supports on any and all streets, and to construct lines above and under ground, does not excuse it from the exercise of ordinary care in the location and construction of its poles and wires, so as to prevent injury to others rightfully using the public places.

[Ed. Note.—For other cases, see Electricity, Cent. Dig. § 7.]

5. ELECTRICITY ⬤⇒19(6)—ACTIONS — QUESTION FOR JURY.

In an action for personal injuries, evidence held to present a question for the jury whether defendant power company was negligent in failing to cover a guy wire with a plank, or otherwise, and to paint it white.

[Ed. Note.—For other cases, see Electricity, Cent. Dig. § 11.]

6. APPEAL AND ERROR ⬤⇒1062(1)—REVIEW— HARMLESS ERROR—SUBMISSION OF ISSUES.

Where the jury answered an issue whether plaintiff's wife was guilty of negligence in the negative, any error in submitting the following issue as to whether, if the jury should answer the preceding question in the affirmative, such negligence was proximate cause of injury, which the jury also answered in the negative, was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4212.]

Appeal from District Court, Randall County; Hugh L. Umphres, Judge.

Action by U. S. Gober against the Canyon Power Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Ben H. Stone, of Amarillo, for appellant. Turner & Rollins, of Amarillo, and Flesher & Flesher, of Canyon, for appellee.

BOYCE, J. Suit was brought by U. S. Gober, in the district court of Randall county, against appellant, Canyon Power Company, to recover damages for injuries sustained by plaintiff's wife, caused by her tripping and falling over a guy wire, alleged to have been negligently placed and maintained by the appellant, in the parking between the street and sidewalk, in front of the residence of one E. Burrow, in the town of Canyon, Tex. It was shown upon the trial that the residence of E. Burrow, in Canyon, Tex., in front of which the accident happened, was situated on the southeast corner of the block, fronting east; that a light pole was erected by the defendant near the intersection of the streets at the southeast corner of this block,

and from the top of this pole a guy wire was extended northward and anchored in the ground, in the parking between the street and sidewalk, at a point a few feet to the north of a point directly in front of the center of the residence. The entrance to the house was from the east, so that this guy wire passed over the entrance going direct from the street across the parking. At a point directly in front of the steps the guy wire was somewhat higher than the head, but came to the ground some feet north of such place, and on account of the location of a tree in the parking a very small space was left within which one might pass under the wire without touching it, if entrance were made from the street directly in front of the house. The guy wire was made up of a braid of small wires, being about one-quarter inch in diameter, and had no covering of any kind over it. The yard of the said Burrow was unfenced. Just after dark, on the evening of the accident, Mrs. Gober was in an automobile, driven by Mr. Burrow, who stopped the car near the parking in front of his house, and just about opposite where the guy wire was anchored. Mrs. Gober alighted for the purpose of visiting with the Burrows, and in going across the parking toward the house tripped over the wire and fell, dislocating and breaking some of the bones in her hand and wrist.

[1] The plaintiff alleged that his wife, as the result of tripping over said wire, sustained the injuries above described, from which she suffered great pain; that said injury is permanent, and that his said wife, on account thereof, had been unable to perform her household duties as before; and that such condition will continue in the future. In connection with these allegations plaintiff alleged that:

"Plaintiff and his wife have incurred indebtedness for medical treatment and medicine made necessary by said injury to the extent of $100, all of which he has paid, or is obligated to pay, and will have to pay, for treatment for his said wife, made necessary as the direct and proximate result of the said negligence of the defendant."

No specific allegation of the amount of damage is made in the body of the petition, except that just quoted; but the prayer of the petition immediately follows the description of the injuries sustained, statement of consequent suffering, and impairment of health and ability to work, and said prayer contains this statement:

"That on final trial plaintiff have judgment for the sum of $2,500, the amount to which he is justly entitled by reason of the premises," etc.

The appellant urges that, as the only specific statement of the amount of damages as contained in the body of the petition fixes such amount at $100, and that the allegations of damage cannot be aided by the prayer, hence the petition shows on its face that the amount in controversy is only $100,

and the district court was without jurisdiction. The case of Pecos & Northern Texas Railway Co. v. Canyon Coal Co., 102 Tex. 478, 119 S. W. 294, is relied on to support this contention. In that case there were specific allegations in the body of the petition of stated items of damages, and the court held that the sum of these might not be reduced by the general prayer to bring the amount in controversy within the limited jurisdiction of the court in which the suit was filed. We do not think the decision applicable. In this case it is evident that the $100 mentioned in connection with the medical charges was intended to cover this item of damage only, and the pleader neglected to state in the body of the petition the amount of damage sought to be recovered generally. The statement of damages claimed is, however, made as a statement of fact in the prayer. This statement, if made in the body of the petition, would, in the absence of exceptions, have been sufficient, and we think it would be a too technical view of the petition to disregard the statement simply because it appears in the prayer, rather than in the body, of the petition. This conclusion is supported by the following authorities: Hoggland v. Cothren, 25 Tex. 345; Railway Co. v. Culpepper, 19 Tex. Civ. App. 182, 46 S. W. 922; Foster v. Roseberry, 98 Tex. 138, 81 S. W. 521; National Bank v. Robinson, 124 S. W. 177.

[2] The general demurrer to the petition was properly overruled. While there is no direct statement that the negligence alleged was the proximate cause of the resulting accident, the facts are so stated that the sequence between the alleged negligence and the resultant accident clearly appears as cause and effect, and it was not necessary for the petition to so state in express terms.

[3] Under sufficient pleading to authorize their submission, the court submitted to the jury two special issues on negligence: One requiring a finding as to whether it was, negligence of the defendant to stretch the guy wire at the place and in the manner same was so stretched; and the other as to whether it was negligence "to fail to cover the guy wire with a plank or otherwise, and to paint the color thereof white." To each of these issues the jury returned an affirmative answer. We think the verdict is supported by the evidence. The appellant assigns error to the submission of the first issue, because there was no evidence that would warrant a finding of negligence on this issue. We are of the opinion that it was properly a question for the jury to decide as to whether the fact of the stretching of the guy wire itself in front of the entrance to the residence in such place as that any one going into the house from the street, across the parking, would likely come in contact with it, was negligence. It was an obstruction across the most natural entrance to the house by those going to it, on alighting from

a conveyance of any character, and some such result as this accident might have been reasonably anticipated.

[4] The defendant offered in evidence the franchise granted it from the city of Canyon, by which it was authorized to erect and maintain poles, fixtures, and supports on any and all streets, etc., and to construct lines above and underground, etc. It cannot be reasonably contended that the defendant, in the enjoyment of this privilege, would not be required to exercise ordinary care in the location and construction of its poles and wires, so as not to injure others rightfully using such public places. City of Ft. Worth v. Williams, 55 Tex. Civ. App. 289, 119 S. W. 137; Poumeroule v. Telegraph Co., 167 Mo. App. 533, 152 S. W. 114; Peters v. Telephone Co., 103 Ark. 564, 148 S. W. 273; Raines v. Telephone Co., 150 Ky. 670, 150 S. W. 830; Southern Telephone Co. v. Tabb, 52 Tex. Civ. App. 213, 114 S. W. 448; Bentley v. M. & K. Tel. Co., 142 Mo. App. 215, 125 S. W. 533; Telephone Co. v. Gasper, 123 Ky. 128, 93 S. W. 1057, 9 L. R. A. (N. S.) 548.

[5] The appellant contends that the submission of the second issue of negligence above referred to was erroneous, because the evidence conclusively shows that owing to the darkness plaintiff's wife could not have seen the planking if it had been on the wire. It was shown that the accident happened after dark, and no moon was shining. The plaintiff and some of the other witnesses testified that they did not know whether they would have seen a board, painted white if the wire had been inclosed in such a casement. One of the defendant's witnesses testified that he had tried the experiment of looking for a white casement inclosing a guy wire at night; that he could see it, if he knew it was there, and was looking for it, but did not know whether one would see it if not on the lookout. He testified further that he had seen guy wires in other places covered with casements. We do not think that this evidence establishes conclusively that Mrs. Gober would not have seen the white encasement at the time of the injury; besides, it is a matter of common knowledge and observation that a white object of some bulk is more readily seen in the dark than an inconspicuous wire, and from their common knowledge and experience the jury were about as well able to come to a conclusion on this matter as any witness who might have testified thereto.

[6] The court submitted an issue, asking the jury whether Mrs. Gober, under the circumstances stated, was guilty of negligence, to which the jury answered in the negative. Following the submission of this issue the court submitted an issue as to whether, if the jury should answer the preceding question in the affirmative, such negligence was the proximate cause of the injury, to which the jury also returned a negative answer. The sixth assignment complains of the ac-

tion of the court in the manner of the submission of the latter issue, in connection with the issue of contributory negligence. In view of the finding of the jury that plaintiff was not guilty of negligence, any error with respect to submission of the latter issue became harmless.

What we have already said necessarily results in overruling the other assignments of error urged by the appellant.

The judgment is affirmed.