## A. B. RICHARDS MEDICINE CO. v. GRAVES. (No. 1245.)

(Court of Civil Appeals of Texas. Beaumont. May 18, 1925.)

**Courts ☞183—Where matter not within jurisdiction, county court should sustain general demurrer.**

Where from the plaintiff's petition it appeared affirmatively that the larger portion of damages sued for were not recoverable under the law of the state, and the balance was insufficient to confer jurisdiction, it was error for the county court not to sustain the general demurrer and dismiss the case.

Appeal from Anderson County Court; W. C. Quick, Judge.

Action by L. A. Graves against the A. B. Richards Medicine Company. Judgment for plaintiff, and defendant appeals. Reversed, and cause dismissed.

Greenwood & Barton, of Palestine, for appellant.

R. M. Johnson and P. S. Colley, Jr., both of Palestine, for appellee.

HIGHTOWER, C. J. In this case the appellee, Graves, sued the appellant in the county court of Anderson county to recover actual damages in the sum of $500, and had judgment for the full amount sued for.

Appellant has filed a motion, praying this court to reverse the judgment and dismiss this cause, based on the ground that the trial court was without jurisdiction to hear and determine the same, and that this court acquired no jurisdiction by the appeal other than to reverse the judgment and dismiss the cause.

It is appellant's contention in the motion that it affirmatively appears from the allegations in appellee's petition that the amount of damages he was entitled to recover, if any at all, was less than was required to give jurisdiction to the county court to hear and determine the cause, and we have concluded that this contention is correct.

It appears from the facts stated in appellee's petition that $460.07 of the amount of damages sued for by him was not recoverable under the law of this state, and this left his petition showing that, at the most, he could recover only about $39.93, and that amount was below the jurisdiction of the trial court. Such facts appearing from the appellee's petition itself, the trial court under our practice ought to have sustained the general demurrer and dismissed the case, and the proper order for this court to make is to reverse the trial court's judgment and dismiss the cause, which is accordingly done. Western Union Telegraph Co. v. Arnold, 97 Tex. 365, 77 S. W. 249, 79 S. W. 8; Martin

---

v. Goodman (Tex. Civ. App.) 187 S. W. 689; Carswell & Co. v. Habberzettle, 99 Tex. 5, 86 S. W. 738, 122 Am. St. Rep. 597.

Judgment reversed, and cause dismissed.