## MERCER et ux. v. HUFF et ux.

### SAME v. MONROE et al.

### No. 11208.

Court of Civil Appeals of Texas. Dallas.
April 15, 1933.

Rehearing Denied May 13, 1933.

Simpson & Brewster, of Fort Worth, for appellants.

McCraw & Clark, of Dallas, for appellees.

JONES, Chief Justice.

The above causes were consolidated by agreement of the parties and the approval of this court. The statement of facts is identical in each case, and the injuries, complained of by the respective appellees, resulted from the same automobile accident, charged in each petition to be the result of the negligence of Mrs. T. E. Mercer, wife of her coappellant, T. E. Mercer. In each of the causes appellants filed a plea of privilege to be sued in the county of their residence, shown to be Tarrant county, and prayed that the suit be transferred to a district court in such county. From an order overruling the plea of privilege in each cause, appellants duly prosecuted an appeal to this court. The following are the necessary facts:

The plea of privilege in each case is in due form and presents a prima facie case for the removal of the respective causes to Tarrant county, where appellants reside. Appellees, in each case, filed a controverting affidavit, claiming venue of the suit in a district court of Dallas county, under subdivision 9 of article 1995, R. C. S., the general venue statute. This subdivision provides that "a suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile." .

Appellants filed a general and special exception to appellees' controverting affidavits, which were overruled, and exception duly taken on such ruling. The issues joined by the pleas of privilege and the controverting affidavits were timely tried by the district court and, in each case, an order was entered overruling the plea of privilege. .

The evidence sustains the findings of the court, to the effect, that the venue of the suit is controlled by the provision of subdivision 9 of article 1995, supra, and the judgment of the trial court must be affirmed, provided the controverting affidavit is sufficient on its face to show a causal connection between the negligence alleged and the injuries sustained. The controverting affidavit reads:

"Now comes the plaintiffs, F. T. Huff, joined by his wife, Elva Huff, and files this their controverting affidavit to the plea of privilege of the defendants, T. E. Mercer and wife, and would respectfully represent:

"That, as shown by plaintiffs' original petition heretofore filed herein the plaintiffs, F. T. Huff and Elva Huff, were riding in the front seat of the Ford Automobile of Mr. and Mrs. F. T. Huff, which said automobile was being driven in Dallas County,. Texas, in a legal manner on the right-hand side of the Scyene Road in Dallas County, Texas, on or about May 30th, 1931, and the defendant, Mrs. T. E. Mercer, in attempting to pass an automobile truck, did negligently and at a high rate of speed, in excess of fifty miles an hour, run her coupe into said Ford automobile, completely demolishing the same and injuring said plaintiffs, as set out in the said petition; that in driving said Buick automobile on said highway in Dallas County, Texas, the defendant, Mrs. Mercer, was guilty of negligence in not keeping on the right side of said road and in driving said automobile over on to the left side of said road, entirely across the white dividing line on said road, and on the side of the road provided by law for the plaintiffs and in driving same in excess of fifty miles per hour contrary to the Penal statutes of this State.

"That by reason of such actions of the defendant she committed a crime, offense and trespass against the plaintiffs in Dallas County, Texas, and by reason of Article No. 1995, section 9, of the Revised Civil Statutes of Texas 1925, this suit may be brought in the

County of Dallas, the County wherein said crime, offense or trespass was committed and for this reason this court has venue of this suit.

"That said automobile which Mrs. T. E. Mercer was driving was the community property of her and her husband and said car, as set out in the original petition, was one that was used for the family purposes and for this reason the defendant, T. E. Mercer, is jointly and severally liable with said Mrs. T. E. Mercer, and, for this reason, this court has venue over the defendant, Mrs. T. E. Mercer."

The specific contention of appellants is that the above plea, controverting their right to be sued in the county of their residence, neither alleges in express terms that the negligence alleged was the proximate cause of the injuries received, nor is the language of the plea susceptible of the construction that, as a necessary inference, there is shown a causal connection between the alleged negligence and the injuries. As we understand this record, such is the only question involved on this appeal.

We cannot agree to this construction of appellees' controverting affidavit. Such affidavit declares that " * * * the defendant, Mrs. T. E. Mercer, in attempting to pass the automobile truck, did negligently and at a high rate of speed, in excess of fifty miles an hour, run her coupe into said Ford automobile, completely demolishing the same and injuring said plaintiffs, as set out in the petition. * * *" Driving an automobile at the rate of speed therein alleged is made a misdemeanor offense in this state, and no other conclusion can be reasonably drawn from the above-quoted language than that this unlawful rate of speed proximately caused the injuries sustained. Certainly, this affidavit is good as against the general demurrer leveled against it, the overruling of which forms the basis of the assignment of error now under consideration. City of Uvalde v. Stovall (Tex. Civ. App.) 279 S. W. 889; Canyon Power Co. v. Gober (Tex. Civ. App.) 192 S. W. 802, 804; 45 C. J. 1095; 13 R. C. L. 498.

The case of Canyon Power Co. v. Gober, supra, announces this rule as follows: "The general demurrer to the petition was properly overruled. While there is no direct statement that the negligence alleged was the proximate cause of the resulting accident, the facts are so stated that the sequence between the alleged negligence and the resultant accident clearly appears as cause and effect, and it was not necessary for the petition to so state in express terms."

13 R. C. L., supra, also announces the same rule, "where, however, the facts pleaded show that the injuries complained of are the prox-imate result of defendant's negligence, a direct allegation to that effect is not necessary."

It necessarily follows that, in our opinion, the judgment of the lower court in each of these cases should be affirmed, and it is so ordered.

Affirmed.