## NORTH TEXAS BUILDING & LOAN ASS'N v. SAMSON.

### No. 13130.

Court of Civil Appeals of Texas. Fort Worth.

March 8, 1935.

Rehearing Denied May 17, 1935.

Bert King and Arch Dawson, both of Wichita Falls, for appellant.

R. S. Ragsdale, of Burkburnett, for appellee.

LATTIMORE, Justice.

This is a suit by appellee, as next friend for his three minor children, to recover the total sum of $1,225.

The petition alleged that beginning in 1926, the minors deposited various sums of money with appellant, totaling $375, which appellant promised to pay them, plus 7 per cent. interest compounded semiannually, all payable on demand. Appellees, also prayed for $500 exemplary damages for appellant's breach of contract, resulting in loss of educational advantages and in annoyance, inconvenience, and humiliation.

The appeal attempts to present some interesting questions of building and loan association law which we are not able to consider for a reason not briefed. However, lack of jurisdiction apparent in the petition is fundamental error. The allegations and prayer for $500 exemplary damages are mere surplusage. They state no cause of action. No facts are alleged which authorized the court to hear evidence on exemplary damages. 11 Tex. Jur. 741; Carswell & Co. v. Habberzettle, 99 Tex. 1, 86 S. W. 738, 122 Am. St. Rep. 597; City of Fort Worth v. Zanecetti (Tex. Com. App.) 29 S.W.(2d) 958.

The interest sued for is not to be included in computing the jurisdiction of the controversy. Texas Const. art. 5, § 8. The principal sum is less than $500.

The judgment of the trial court is reversed, and the cause ordered dismissed.