**HALL v. PRICE.**

No. 2090.

Court of Civil Appeals of Texas. Eastland.

Jan. 31, 1941.

Hall & Hall, of Temple, for appellant.

Carl Rountree, of Lamesa, for appellee.

LESLIE, Chief Justice.

Thos. C. Hall instituted this suit against Noble H. Price to recover rents and light bills. At the conclusion of the testimony the trial court sustained the defendant's general demurrer on the theory that plaintiff's first amended original petition stated a cause of action cognizable in the County Court only. The suit was dismissed and the plaintiff appeals.

In said petition plaintiff alleged that he rented certain offices to the defendant for twelve months, beginning October 1, 1938, and ending September 30, 1939. That for the first six months he was to be paid a monthly rental of $85, and for the last six months a monthly rental of $100. That the defendant occupied the offices until May 1, 1939 (7 months) at which time he abandoned the lease. That thereafter the

plaintiff endeavored to re-lease the offices but was unable to do so, except for the month of September, for which he received $75 which he alleged he credited on the total damages he would otherwise have claimed. That is, after crediting the total damages with the $75 (September rent) the defendant was in default for unpaid rent the specific amount of $425.

The plaintiff. alleged that he was also forced to pay certain utility bills for the defendant, and that the defendant had refused to reimburse him for the same. As to these utility or light bills the plaintiff alleged that the defendant failed to pay "his electric light bills which were paid by the plaintiff in the amounts as follows: October, 1938, $2.55; November, 1938-$3.80; December, 1938-$7.45; January, 1939, $7.-50; February, 1939, $6.40; March, 1939-$6.20; April, 1939-$4.70; May, 1939-$5.50; and for such payment and inconveniences this plaintiff is damaged in the sum of $100."

The aggregate amount of these monthly light bills is $44.10. It is the defendant's theory that after deducting the $75 from the $500 and adding to the remainder the $44.10 light bills, the plaintiff's suit becomes one for nothing more nor less than $469.10. The plaintiff's contentions seem to be that the "general designation" of $500 for rents and $100 for utility bills fixes the jurisdictional amount of this lawsuit at $600, thereby making it cognizable in the district court. It will be observed that after alleging the particular terms of the contract and the specific amounts due plaintiff by reason of the defendant's defaults, the plaintiff also claimed damages in general terms, namely, "$500 for rents" and "$100" for light bills.

■ According to the affirmative and specific allegations of plaintiff's petition his damages for default in the payment of the rent amounted to $425, and the specific amounts due him for the defaults in payment for monthly light bills amounted to $44.10. His pleading shows no greater amounts could be recovered by him. As to the district court, the lack of jurisdictional amount was apparent from the face of plaintiff's trial pleading. Such allegations make the case cognizable in the county court only.

■ As held in Martin v. Goodman, Tex.Civ.App., 187 S.W. 689, 690, " * * * whenever it appears from specific allegations of pleading that the amount recoverable is below the jurisdiction invoked, general allegations of a greater sum not supported by the very nature of the case made is unavailing to confer jurisdiction, 'as where to a declaration upon a promissory note the plaintiff adds the general ad damnum clause.' Foster v. Roseberry, 98 Tex. 138, 81 S.W. 521; Carswell & Co. v. Habberzettle, etc., 99 Tex. 1, 86 S.W. 738, 122 Am.St.Rep. 597."

Upon a similar state of facts our Supreme Court in C. B. Carswell & Co. v. Habberzettle, 99 Tex. 1, 86 S.W. 738, 740, 122 Am.St.Rep. 597, held as follows: "It is now the settled law in this court that, although the amount claimed in the petition may be sufficient to give the court jurisdiction of the case, yet, if the facts alleged be such as to show no cause of action as to such part of the whole sum sued for as to reduce it below the amount for which the court has jurisdiction, the suit should be dismissed. Western Union Tel. Co. v. Arnold [97 Tex. 365], 79 S.W. 8."

The rule thus stated in the Carswell case was referred to in Askey v. Oliver Chilled Plow Works, Tex.Civ.App., 57 S.W.2d 210, 214, in this language: "The rule so announced has been applied in numerous other decisions, such as Richards Medicine Co. v. Graves (Tex.Civ.App.) 273 S.W. 702, and decisions there cited, to which might be added other decisions such as Haddock v. Taylor, 74 Tex. 216, 11 S.W. 1093; and according to that rule the trial court did not err in sustaining the general demurrer to plaintiff's amended petition and dismissing plaintiff's suit * * *."

■ After the plaintiff specified the particular amounts due him by reason of the defendant's defaults in paying monthly rent, it availed him nothing to add "the general ad damnum clause" calling for $500 damages, and the same is true after itemizing the light bills. The specific items sued for being less than $500 the trial court had no other alternative than to dismiss the case. Western Union Tel. Co. v. Arnold, 97 Tex. 365, 79 S.W. 8; A. B. Richards Medicine Co. v. Graves, Tex.Civ. App., 273 S.W. 702; C. B. Carswell Co. v. Habberzettle, 99 Tex. 1, 86 S.W. 738, 740, 122 Am.St.Rep. 597; Texas & P. R. Co. v. Woodard, Tex.Civ.App., 53 S.W.2d 82, 84.

For support of his contentions the appellant cites the opinion of the Supreme Court in Foster v. Roseberry, 98 Tex. 138, 81 S.W. 521, 522, and he states with reference to that case that it· is more nearly

like the instant one than any that has come to his attention. As we interpret that opinion it is substantial support for the ruling made by this court.

In the Foster case the plaintiff alleged that the defendant had damaged him (1) by "appropriating" plaintiff's interest in the "cane or sorghum" "to wit, 20 per cent. thereof, which said interest is of the reasonable market value of $25." (2) That the defendant had taken possession of said crops of "cabbage, onions" etc. of the value of $350 "of which * * * plaintiff is entitled under the aforesaid contract to 20 per cent." ($70). (3) That the "poultry appropriated by the said defendant is of the value of $25, of which plaintiff is entitled to 50 per cent." ($12.50) (4) Plaintiff then alleged other specific items of damage, namely, that the defendant had taken possession of "all of the work horses, milk cows, harness, farming implements, tools, chickens, and outhouses and barns hereinbefore described, and appropriated the same to his own use, and refuses to surrender the same, or any part thereof, to this plaintiff."

The plaintiff then proceeded to summarize the damages as follows: "This plaintiff alleges that by reason of the acts of the defendant herein set out plaintiff has been damaged in the sum of $1,000", etc., for which he prays.

The Supreme Court, in answer to certified questions, held that "The petition did not show on its face that the district court had not jurisdiction", and as to the general statement summarizing damages in the sum of $1,000 the court said "It cannot be disregarded, as such general allegations sometimes are, *when it appears from the nature of the case stated that no such damage could have been sustained,* as where to a declaration on a promissory note the plaintiff adds the general ad damnum clause." (Italics ours.)

It is quite clear from the allegations in the Foster case that in addition to the $25 damages sought for converted "cane or sorghum", and $70 for "cabbage, onions," etc. and $12.50 for poultry that the additional damages ($892.50) making up the $1,000 was included for the various other elements of damage specifically alleged in subdivision (4) above. This $892.50 amount was quite as specifically claimed as the other items mentioned. The pleadings are not susceptible of any other reasonable construction. Hence, the $1,000 prayed

for in that case was not to be interpreted merely as a general "ad damnum" prayer, and the Supreme Court interpreting the pleadings and the alleged damages used the appropriate language above set out. Attention is especially directed to the portion thereof which we have italicized.

We interpret the opinion just discussed as one applying the rule we employ in the disposition of this appeal. The plaintiff, by his own allegations, limited his right of recovery to the maximum of $469.10. That fixed his "possibility of recovery" and the County Court alone had jurisdiction of his case.

In disposing of the questions raised, we have been controlled by the specific allegations in the plaintiff's first amended original petition, which completely superseded the pleading intended to be amended. L. Grief & Bro. v. Texas Cent. R. Co., Tex.Civ.App., 163 S.W. 345; Jones v. Jones, Tex.Civ.App., 21 S.W.2d 559; Home Inv. Co. v. Strange, Tex.Civ.App., 152 S. W. 510; Clapp v. Engledow, 82 Tex. 290, 18 S.W. 146; District and County Court Rules 14, 13, 12, 142 S.W. xviii; 33 Tex. Jur. p. 513, § 83.

For the reasons assigned, the judgment of the trial court is affirmed.