Compañía Cervecera de Puerto Rico, Plaintiff and Appellant, v. Municipality of Mayagüez, Defendant and Appellee.

No. 9113. Argued December 5, 1945.—Decided January 30, 1946.

*J. Alemañy Sosa* for appellant. *Enrique Báez García* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The appellant, a domestic corporation engaged in the manufacture and sale of beer, malt, and soft drinks, brought this action in the lower court seeking the return of $550 whics it alleges to have paid under protest to the Municipality of Mayagüez as municipal taxes (*patentes*) corresponding to the year 1944–45. The complaint was dismissed on a question of law presented by the defendant, consisting in that the payment of the tax should have been made on July 1, 1944, but as it was not made until September 25 of that same year, the taxpayer was not entitled to pay under protest and, consequently, he could not claim the return of the payments made.

The municipality now urges on appeal that the complaint should be dismissed in any event, because the trial court lacked jurisdiction to take cognizance of the action, inasmuch as the amount really involved, as the complaint reveals, is less than $500.

It is alleged in the complaint that on March 15, 1944, the plaintiff filed with the Treasurer of the defendant municipality the report corresponding to the sales it made within said municipality from January 1 to December 31, 1943, amounting to $415,547.52, including beer and soft drinks; that the Municipal Assembly arbitrarily fixed the amount of the tax at $550 for the year 1944–45, this tax being computed on the basis of $1,000,000, which was the proceeds of the sales made by the plaintiff during the year 1943; that on May 12, 1944, plaintiff sought a reconsideration and on June 21, the Secretary of the Municipal Assembly notified it that the reconsideration had been denied. It is further alleged in the complaint that of the sales made by the plaintiff during the year 1943, those corresponding to the soft drinks amounting to $130,676, were the only ones subject to the payment of the municipal tax in the municipality.

Although it is admitted in the complaint that the sales of soft drinks carried out within said municipality are subject to the payment of the tax, the plaintiff prays for judgment for the whole amount of $550 which it alleges to have paid under protest for all the sales made during said year.

 It appears from the complaint that the tax levied on the sales amounting to $1,000,000 during the whole year of 1943 was $550. This been so, the quarterly taxes is $137.50. Furthermore, since pursuant to § 16 of Act No. 26 of March 28, 1914 (Laws of 1913–14, p. 174), the tax becomes due quarterly on July 1st, October 1st, January 1st, and April 1st of each year, it is evident that when plaintiff made the payment on September 25, 1944, it only owed the first quarter which began on July of said year, and therefore the remaining three quarters not being due. the payment was voluntary. Since § 12 of said Act provides that every person, association, partnership, corporation, or other form of commercial or industrial organization which fails to pay the amount of tax levied in accordance with the Act within the first 15 days of each quarter, shall be deem guilty of a misdemeanor and be punishable by a maximum fine of $50, as the municipal councils may provide by ordinances, we may concede at most, for the sake of argument, that in so far as the first quarterly payment is concerned, the same was timely made under protest, inasmuch as the plaintiff was constrained to make said payment or otherwise it would be punishable for the misdemeanor referred to in §12. However, with respect to the remaining three quarters which were not due when payment was made, such payment was voluntary even though plaintiff should state that it made it under protest, inasmuch as not being legally bound to pay them it ran no risk whatsoever in case it failed to do so. As stated in *Blanco* v. *Court of Tax Appeals*, 61 P.R.R. 21, and in *The Coca-Cola* v. *Tax Court*, 65 P.R.R. 142, the mere fact that when the taxpayer pays the tax he specifies that the payment is made under

protest does not constute a payment under protest unless he has been constrained in some manner to make it at the time he did.

Starting from this premise, it then follows that three-fourths of the amount claimed was paid voluntarily, and it being a prerequisite under § 14 of the aforesaid Act that the payment must be made under protest in order to recover the tax alleged to have been wrongfully collected, we are bound to conclude that he only paid under protest, at most, one-fourt of the amount claimed. that is, $137.50, which amount is not sufficient to confer jurisdiction on the trial court.

The appellant tries to circumvent this difficulty by alleging that the jurisdictional amount is determined by the amount claimed in the complaint and not by the one finally adjudged by the court. This is the general rule; but an exception to this rule is that when it appears from the face of the complaint that the plaintiff is only entitled to recover part of the sum claimed, said part is the one that determines the jurisdiction of the court. *González* v. *Dannermiller Coffee Co.*, 48 P.R.R. 590; *Díaz* v. *Palmer*, 62 P.R.R. 106; *Hall* v. *Price*, 148 S.W. (2d) 881 (Tex. 1941).

Since the court lacked jurisdiction because the amount involved is less than $500, the judgment dismissing the complaint must be affirmed.

Mr. Justice Córdova did not participate herein.