MIRA ROWE, EX'X., v. T. M. HORTON ET AL.

(Case No. 1923)

65   89<br>90   507

1. MISTAKE—INCONSISTENT ALLEGATIONS.—Plaintiff alleged that she and defendant partitioned between them a league of land; that in accordance with an agreement, a portion of the land contained within certain metes and bounds was conveyed to defendant as his share; the petition further stated that the agreement was to convey only 400 acres, but through an error made by the surveyor, 676 acres were conveyed in the deed. *Held*

(1) That as the first allegation claimed no mistake in making the agreement, there was nothing in the deed to correct.

(2) The latter allegations were contradictory of the first, and taken in connection with the first, showed a state of case so inconsistent with itself as to warrant the court below in refusing relief.

2. BOUNDARIES—PRESUMPTION.—Every owner of land is presumed to know its boundaries and the well-marked and defined lines that separate it from adjoining tracts belonging to another.

3. LIMITATION—NEGLIGENCE.—In a suit over the boundaries of land, the plaintiff alleged that the lands were situated in the woods, and partly in a river bottom, and were remote from her residence. *Held*: That these facts did not excuse plaintiff from knowing the boundaries of her land and being acquainted with errors therein; *if she did not improve her opportunities of knowing the limits of her land she did not give that reasonable attention which was due to her affairs*, and such negligence deprived her of relief in equity by re-forming the boundaries after the bar of the statute of limitations had run.

APPEAL from Panola.   Tried below before the Hon. J. G. Hazlewood.

· The opinion states the facts.

*Drury Field*, *R. S. Hightower* and *J. H. Long*, for appellant, cited: 1 vol. Story's Eq. Jur., 6th ed., sec. 1520a, and note 1; Story's Eq. Jur., 6th ed., p. 184, sec. 160; Story's Eq.· Jur., 6th ed., p. 1027, sec. 1521a, and note 2; McKin *v.* Williams, 48 Tex., 89; Nichols *v.* Pilgrim, 20 Tex., 428; Bremond *v.* McLean, 45 Tex., 18; Ross *v.* Armstrong, 25 Tex., 354; Custard *v.* Custard, 25 Tex., 49; W. T. R. R. Co. *v.* Shirley, 45 Tex., 357; City Bank *v.* First National Bank, 45 Tex., 203; Alston *v.* Richardson, 51 Tex., 1.

*Booty & Young* and *C. B. Kilgore*, cited: Smith *v.* Fly, 24 Tex., 345; Kulhman *v.* Baker, 50 Tex., 630; Munson *v.* Hollowell, 26 Tex., 475; Connolly *v.* Hammond, 51 Tex., 635; 2 Pom. Eq. Jur., 856 : 2 Story's Eq. Jur., sec. 1520.

WILLIE, CHIEF JUSTICE.—The original petition in this cause alleged that the appellant and T. M. Horton, on the 8th of February, 1871, partitioned between themselves a league of land, and agreed that in the partition Horton should receive 400 acres, and the appellant the remainder.   The metes and bounds of the 400 acres are set forth in the petition, and according to its allegations really embrace an area of 676 acres.   As a means of carrying out the partition, Horton executed to appellant a deed of relinquishment of all the balance of the land, except the tract described by the said metes and bounds, and this he reserved to himself.   The deed was executed and recorded in July, 1872.   It was the intention of the parties to partition the land so as to give to Horton only 400 acres, but in making

the survey of the 400 acres the surveyor committed an error which was unintentionally carried into the deed, and by reason of this error the appellant was deprived of 276 acres of land, the excess of the area contained in the field notes over and above the 400 acres intended to be allowed to Horton.

The mistake in carrying the field notes of the surveyor into the deed is alleged to have been mutual, and that it was not discovered by the appellant until 1882. So soon as discovered she applied to Horton to have it corrected, which he refused to do, and set up claim to the whole 676 acres. Appellant attached to her petition a set of field notes and a plat made by N. C. Williams, county surveyor of Panola county, in 1883, which she alleges is a correct representation and description of the 400 acres of land which she agreed to convey in partition to Horton, and which it was intended should be described in the said deed.

She prayed, among other things, that the error committed in the field notes might be corrected so as to conform to the original agreement as to the partition of the land.

A general demurrer to this petition was sustained because of the inconsistency in its averments in first alleging that by agreement the very land contained in the field notes was to be conveyed to Horton, and subsequently denying that such was the agreement, and seeking to set it aside. A special demurrer, setting up the statute of limitations, and that the plaintiff's demand was stale, was also sustained.

The plaintiff then filed a trial amendment, alleging that the partition agreed on between herself and Horton was in settlement of a suit between them about a league of land; and by this settlement Horton was to have 400 acres of the league out of its north side, to be surveyed as near as possible in the shape of a square; the title to the balance of the league to be vested in her. That the field notes in Horton's deed embraced only 400 acres, whilst the lines as actually run, included 676 acres; and that the error in the survey could only have been ascertained by an actual resurvey and measurement of the land. She alleged a mutual ignorance of herself and Horton as to the fact that the lines upon the ground did not correspond with those in the field notes. As an excuse for not presenting the action at an earlier day, she stated that the land lay in the woods and partly in the Sabine bottom and remote from her, and that she had no reason to believe that there was any error in the survey until the year 1882. She prayed that Horton's deed be so corrected as to confine his right to 400 acres of land as shown by the survey of Williams, and for other relief not necessary to mention. A plea of ten years limitation

and stale demand was sustained to the petition as amended, and the plaintiff declining further to amend, the cause was dismissed, and an appeal from that judgment taken by the plaintiff to this court.

It is clear that the ruling upon the original petition was correct. The plaintiff had alleged that the deed from Horton to herself, with the field notes as contained in it, was in accordance with the agreement between them as to a partition of the land. As there was no mistake in making the agreement, there was nothing in the deed to correct, and the court could not correct it without violating the contract of the parties as to the partition. The subsequent allegations upon this subject were contradictory of these above stated, and taken in connection with them showed a state of case so inconsistent with itself as to warrant the court in refusing the relief. In the original petition too there were no reasons assigned why relief was not sought within such time as would prevent the demand sued on from becoming stale.

In the trial amendment the appellant shifted her ground. Instead of alleging that the field notes in the deed included 676 acres, as in the original petition, she averred that they embraced only 400 acres; but that they did not correspond with the lines actually run upon the ground, the latter embracing 676 acres. This would render the deed precisely in accordance with the intention of the parties as to quantity, and there would be nothing about it to reform in this respect. But she prays to have it corrected so as to conform to another survey made in 1882, which would give to Horton only 400 acres, but in a different shape from that which is given by the field notes in the deed.

Admitting that the case made by this petition was such as called for the interposition of equity, has the appellant pursued her remedy within proper time, or was her claim a stale demand at the commencement of this suit? A period of more than ten years, the longest period known to our statute of limitations, had elapsed between the date of the execution of the deed and the date of filing the original petition in this cause. The plaintiff was therefore too late in asking a correction of the mistake alleged in her petition, if she discovered the mistake, or by reasonable diligence might have discovered it, within a period of time that would have barred an analogous action at common law. That she did not discover the mistake until within a few months before beginning the suit is clearly alleged in the petition. Whether or not she might have discovered it by reasonable diligence at an earlier day must depend upon the sufficiency of the excuses for not so doing set up in her petition. These are, that the

land was in the woods, and partly in a river bottom, and remote from her place of residence. We think these reasons are wholly insufficient. Every owner of land is presumed to know its boundaries, and the well marked and defined lines that separate it from adjoining tracts that belong to others. According to the plaintiff's allegations, the survey made of Horton's interest was run out and marked upon the ground, and by these marks it was divided from the balance of the league which belonged to Mrs. Rowe. With these lines the appellant must be presumed to have been acquainted. They were open to her inspection, and if she did not look to her interest sufficiently to know the locality and the area included within them, she was culpably negligent, and hence not within the protection of a court of equity. No fraud or attempt to conceal from her the boundaries of the land was attempted either by Horton or the surveyor. That the land was in the woods did not excuse her. This fact afforded the surveyor a better chance of marking its corners and boundaries so that they could be observed by her. How remote her residence was from the land is not shown, but it could not have been far, as both were in the same county. We think her own allegations show that she was afforded every opportunity of knowing the limits of Horton's survey from the day his deed was executed down to the commencement of this suit, and if she did not improve this opportunity she did not give that reasonable attention which was due to her affairs and interests, and was guilty of such negligence as deprives her of relief in equity after so great a lapse of time. Kuhlman v. Baker, 50 Tex., 630; Smith v. Fly, 24 Tex., 353; 2 Story Eq. Jur., sec. 1520.

We think the court did not err in sustaining the defendant's demurrers to the original and amended petitions, and the judgment below will be affirmed.

AFFIRMED.

[Opinion delivered November 24, 1885.]