**PEAVY et ux. v. HARDIN et al.** (No. 1908.)

(Court of Civil Appeals of Texas. El Paso. Nov. 18, 1926. Rehearing Denied Dec. 9, 1926.)

**I. Druggists ⬤⟞10—Proof druggist gave medicine other than that called for, use of which resulted disastrously, held not to establish negligence as matter of law.**

Proof that druggist furnished plaintiffs a medicine other than that called for, the use of which resulted disastrously to plaintiffs' child, held not to show negligence as a matter of law, though no reason was shown for having done so.

**2. Negligence ⬤⟞136(14)—Negligence is issue for jury.**

Issue of negligence is usually one for jury.

**3. Pleading ⬤⟞8(17)—Allegation of negligence in conduct is not mere conclusion of law but statement of ultimate provable fact.**

Allegation of negligence, as applied to conduct of a party, is not a mere conclusion of law, but a statement of an ultimate pleadable and provable fact.

**4. Pleading ⬤⟞8(17)—Allegation of negligence of druggist in furnishing wrong medicine held not mere conclusion of law.**

Allegation that druggist was negligent in furnishing plaintiffs a medicine different from that called for held not a mere conclusion of law.

**5. Negligence ⬤⟞136(14)—Courts will not attempt to define duties, neglect of which is negligence as matter of law, in absence of statutory definition.**

In absence of statutory definition of duties, disregard of which is negligence as a matter of law, courts will not attempt to define such duties.

**6. Druggists ⬤⟞9—Persons dispensing drugs are bound to high degree of care.**

Persons handling and dispensing drugs, to be used as medicine by purchasers, are bound to exercise that high degree of care which a very prudent and cautious person would exercise under the same or similar circumstances.

**7. Druggists ⬤⟞10—Instruction on druggists' negligence in furnishing medicine different in medicinal effect from that ordered held not objectionable.**

In action against druggists for having furnished medicine other than that called for, use of which was alleged to have caused death of plaintiffs' child, instruction submitting issue whether defendants were negligent as alleged in furnishing, if they did so, "a bottle of medicine different in substance and in medicinal effect" from that which plaintiff called for, held not erroneous for failure to contain the words, "when given in the quantity and at the time it was given," following "effect."

**8. Druggists ⬤⟞9—Druggist's negligence in furnishing wrong medicine must be proximate cause of injury.**

Druggist negligently furnishing wrong medicine is not liable for child's death, unless such negligence proximately caused it.

**9. Trial ⬤⟞350(2)—Refusal of charges calling for findings on evidentiary facts only held not error.**

Requested charges calling for findings on evidentiary facts only, and not ultimate controlling facts, held properly denied.

**10. Death ⬤⟞18(2)—Finding plaintiffs sustained no pecuniary loss from death of child held to preclude recovery.**

In action against druggists for negligence causing death of child, finding that plaintiffs sustained no actual pecuniary loss by reason of death of child held to preclude recovery, regardless of findings on other issues.

Appeal from District Court, Erath County; J. B. Keith, Judge.

Action by H. D. Peavy and wife against Carl C. Hardin and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

C. A. Wright and A. J. Power, both of Fort Worth, for appellants.

Oxford & Johnson and Chandler & Chandler, all of Stephenville, for appellees.

WALTHALL, J. Appellants, Peavy and wife, brought this suit against appellees, Carl C. Hardin, John B. Hardin, and Paul B. Chandler, to recover damages, actual and exemplary, alleged to have been sustained by them, alleging that they applied to appellees at their drug store for a bottle of coco quinine to give to their daughter, a child about 2½ years old, but that appellees negligently gave them another and different medicine instead thereof, different in substance and in medicinal effect from that called for, to wit, coco quinidine; that, relying upon said medicine as being that requested, they gave it to the child the same as directed by physicians to give coco quinine, with the result that said medicine so furnished proximately caused the child's death.

The case was tried to a jury and submitted upon special issues, and, upon the answers returned to the issues submitted, judgment was rendered for appellees.

**Opinion.**

The jury's findings on the issues presented render it unnecessary to discuss but few of the propositions presented. The jury found

---

against appellants on the issue of negligence in furnishing the medicine different' in substance and medicinal effect from that called for, and against appellants on the issue of proximate cause. The jury also found that appellants sustained no actual damage by reason of the death of their child. Unless some reversible error occurring on the trial of the case can be and is properly assigned as having brought about each of the above findings of the jury, the case must be affirmed.

[1] The trial court submitted to the jury the issue of negligence in furnishing the medicine different from that called for. Appellants insist, in substance, that, having shown that appellees gave to appellants a medicine different to that called for, and no sufficient reason is shown for having done so, and that the medicine, when properly given, resulted disastrously to the child, the court should have instructed the jury that appellants were negligent as a matter of law.

The questions as to the effect of the medicine on the child and whether the medicine caused the child's death were strongly contested issues, and much evidence by experts in the uses and effects of medicines was offered by both sides. We content ourselves with a brief statement of our view as to whether the issue of negligence should have been submitted to the jury, or whether the issue of negligence should have been withdrawn from the jury and the jury instructed that giving a medicine different from that called for was negligence as a matter of law.

[2-5] The issue of negligence is usually one for the jury. An allegation of negligence as applied to the conduct of a party is not a mere conclusion of law, unless made so by the law, but the statement of an ultimate pleadable and provable fact. The petition alleges that the act on the part of appellees in giving the wrong medicine was a negligent act. In Missouri Pacific R. Co. v. Lee, 70 Tex. 496, 7 S. W. 857, our Supreme Court said:

"Our courts have refused to recognize as a duty of the trial judge to attempt to define duties, neglect of which would be negligence, in the absence of statutory definitions of duties, disregard of which is negligence as matter of law."

We know of no statute fixing the duty of druggists in the matters complained of. The court was not in error in submitting the issue of negligence to the jury.

[6] The court instructed the jury that:

"All persons engaged in handling and dispensing drugs to be used as medicine by those to whom sold and delivered are bound to exercise, in connection with said business, that high degree of care which a very prudent and cautious person would exercise under the same or similar circumstances in that business, and a failure to do so is negligence."

If we understand appellant's criticism of the charge, it is that it fixes too high a duty for persons dispensing medicines. We think the charge is not subject to the objection.

[7] The court instructed the jury as follows:

"Were the defendants or either of them negligent, as alleged by plaintiffs, in furnishing, if they did do so, plaintiff H. D. Peavy, at his request, with a bottle of medicine different in substance and in medicinal effect from that which plaintiff called for, to wit, coco quinine?"

[8] The charge is not subject to the criticism that the words, "when given in the quantity and at the times it was given," should have been inserted immediately following the word "effect" in the charge. The same criticism is made to the court's charge submitting the issue of proximate cause. The jury had found that appellees were not negligent in furnishing the appellants the medicine, and, under the court's charge on the proximate cause of the death of the child, the jury was to find on the issue of proximate cause only in the event the appellees were found negligent. It follows that, if there was no negligence in furnishing the medicine, the negligence could not be the proximate cause of the child's death. To create the liability contended for, the negligence alleged must be the proximate cause of the child's death. Texas & Pac. Ry. Co. v. Bigham, 90 Tex. 223, 38 S. W. 162.

[9] Appellants submitted several special charges which the court refused to give, and error is assigned on the court's refusal to give them. The court was not in error in refusing to give the requested charges. The facts requested were evidentiary only and not the ultimate controlling facts. As said by Judge Speer in Freeman v. G. H. & S. A. Ry. Co. (Tex. Com. App.) 285 S. W. 607, it would have availed appellants nothing if such facts had been submitted and the jury had found the facts in appellant's favor, since the facts found would merely have established the fact found, merely a circumstance tending to show, if it did, the ultimate fact of the negligence charged. As there said, they would not have established any ultimate fact compelling a judgment in appellant's favor. The statute itself speaks to the very point, and only ultimate controlling facts, and not merely evidentiary facts are to be submitted for findings.

The action was brought by the parents of the child for actual damages on account of the injuries resulting from the medicine causing the death of the child.

[10] The court, after stating to the jury the measure of the damages appellants would be entitled to recover, if any, submitted the issue to the jury as to what sum of money paid to appellants would reasonably and fairly compensate appellants for the pecuniary loss sustained by them by reason of the

death of their daughter. The jury found, "Not any." Had the jury found for appellants on every other issue submitted and requested to be submitted, if appellants sustained no pecuniary loss by reason of the death of their 2½ year old daughter, there would be nothing to recover. In view of the jury's finding that appellants sustained no pecuniary loss by reason of her death, the trial court could have entered no judgment other than that entered.

Finding no reversible error, the case is affirmed.