## BURNAMAN v. HART.

### No. 1997.

Court of Civil Appeals of Texas. Beaumont. Jan. 7, 1931.

Rehearing Denied Jan. 7, 1931.

408

V. E. Middlebrook, of Nacogdoches, for appellant.

Adams & McAlister of Nacogdoches, for appellee.

O'QUINN, J.

Appellee sued appellant in the county court of Nacogdoches county, Tex., for damages alleged to have been sustained by the negligent burning of appellee's barn. Appellee alleged that appellant negligently started a fire on his (appellant's) own premises, which were adjoining the premises of appellee, and carelessly and negligently permitted same to escape and get from under his control and spread to and burn appellee's barn. He further alleged that:

"Defendant was guilty of negligence which directly and proximately caused the injury or damage to plaintiff's barn, as herein plead, in the following particulars, acting jointly or separately, to produce said damage.

"(a) In putting out fire adjoining the premises owned by the plaintiff without taking the necessary precautions to prevent its escape and getting out and onto the premises of the plaintiff, which negligence was the proximate cause of plaintiff's damage.

"(b) In allowing said fire to escape after the same had been started and in not having sufficient and adequate means of controlling the same, in order to have prevented it from getting onto plaintiff's premises and burning his barn, which negligence was the direct and proximate cause of the plaintiff's damage.

"(c) In putting out said fire, or starting the same, in plaintiff's absence and without taking the proper measure of precaution to prevent said fire from destroying plaintiff's barn and in allowing the same to spread without properly attending to said fire after it had been started and keeping the same under control, thereby preventing it from getting onto the premises of the plaintiff, which negligence was the direct and proximate cause of plaintiff's damage."

The barn was alleged to be of the value of $280, for which appellee prayed judgment.

Appellant answered by general demurrer, several special exceptions, general denial, and specially that while he and a hired helper were clearing land he built a fire on his land to warm by, and while he and the helper were eating lunch some 150 yards from the place of work and from the fire, a strong wind suddenly sprung up and blew smoldering coals of fire from the fire he had built "into brush, grass and inflammable matter, and that the wind was wholly unexpected to the defendant, and caused the fire to spread through the plaintiff's land very rapidly and absolutely beyond the control of defendant, and such spread was unexpected to the defendant, of said fire, caused by said unexpected hard wind, was the cause of the conflagration, and over said cause the defendant had no control, and was not responsible for the spread of the fire; and that the same was the direct and proximate result of the act of God."

The court overruled appellant's general demurrer, and special exceptions, and the case was tried to the court without a jury, and judgment rendered in appellee's favor for $250. This appeal is from that judgment.

There is no statement of facts in the record, but the court filed his findings of fact and conclusions of law, and the fact findings are sufficient to support the judgment.

Appellant's propositions do not make any reference to the assignments of error upon which they are based, and so we will pass directly upon the assignments themselves.

The first assignment complains that the court erred in not sustaining appellant's general demurrer to appellee's petition. This assignment is overruled. We think the petition stated a cause of action.

The second, third, and fourth assignments assert error in the court's refusing to sustain his certain special exceptions directed against certain paragraphs of appellee's petition as being too general and indefinite to apprise him of the character or acts of negligence with which appellee was attempting to charge him. These assignments are overruled. The petition, when considered as a whole, was sufficient to inform appellant of the matters complained.

The fifth assignment complains that the court erred in permitting certain witnesses to testify over his objections as to the existence of inflammable materials surrounding and near to the fire started by appellant and between that place and the barn of appellee. The objection to this evidence was that it had not been pleaded by appellee (a) that such inflammable material was so situated, and (b) that it was not pleaded that appellant

knew of such inflammable material, and (c) that there was no allegation that a reasonably prudent person would have acted differently from what appellant did.

These assignments are overruled. There is no allegation by appellee that such inflammable material existed, but we are of the opinion that the allegation that appellant originated the fire, and that he negligently permitted the fire to spread without properly attending to same and negligently failed to keep the fire under control, thereby permitting it to get onto appellee's premises, was sufficient to permit the proof objected to. However, appellant himself alleged that by reason of a sudden and unexpected wind the fire was blown into "brush, grass and inflammable matter," and "spread the fire on through this plaintiff's land." This allegation must be considered in aid of appellee's petition, and proof under this allegation was available to appellee.

Appellant's third proposition asserts fundamental error against the judgment, contending that, as he pleaded that the fire was blown from where he built same into brush, grass, and other inflammable matter by a sudden and violent wind by reason of which he was unable to control same and was occasioned by the act of God, the judgment finding him guilty of negligence and, therefore, liable to appellee for the damages shown, was wrong, and should be set aside.

The case was tried before the court without a jury. The court heard all the evidence and found against appellant on this plea. The question was one of fact. The court filed his findings of fact, and appellant has no assignment against the fact findings, and so they stand without challenge as to having support in the evidence. We think the proposition should be overruled.

The judgment should be affirmed, and it is so ordered.

Affirmed.