## MICHELS v. BORUTA et al.

### No. 1845.

Court of Civil Appeals of Texas. Eastland.

Nov. 4, 1938.

Rehearing Denied Dec. 9, 1938.

D. J. Brookreson, of Benjamin, M. F. Billingsley, of Munday, and Bullington, Humphrey & King, of Wichita Falls, for appellant.

J. S. Kendall, of Munday, and Gaynor Kendall, of Austin, for appellees.

FUNDERBURK, Justice.

Mrs. Stella Boruta, joined by her husband, Vincent J. Boruta, brought this suit against Henry M. Michels, to recover damages for the acts presently to be described. L. M. DeLano, former husband of Stella Boruta, intervened and as a party plaintiff sought recovery of damages for the same acts.

The pleadings of plaintiffs described a plot of land and alleged its long prior dedication as a public cemetery and burial ground with continuous recognition of it as such. It was alleged that in 1904 a child of Stella Boruta (then Stella DeLano) and her husband L. M. DeLano, which died the same day it was born, was buried in said cemetery. That said "plaintiff Stella Boruta * * at expense caused a marble tombstone or marker placed at the head of the said grave to mark said burial place and sacred spot where lay the remains of her child and to protect same from depredations and intrusions thereon." That at the time of the burial a good and substantial fence to protect from trespasses separated the burial ground from surrounding land and which "through the years, since the burial of said child, has been maintained around said cemetery and burial ground, and that the same protected and enclosed the said cemetery at the time of the acts of the defendant complained of."

The acts of the defendant alleged to have resulted in injury to plaintiffs, and for which damages were claimed, were (1) that defendant "entered upon said sacred grounds"; (2) that he "tore down and caused to be torn down and removed the fence surrounding said cemetery and burial ground"; (3) that defendant with Henry J. Michels, his agent, servant and employee, and other servants, agents and employees of defendant: (a) "plowed and caused to be plowed the said lands, (b) did plow into, over and across the grave of the child of plaintiff, (c) tore down, broke and defaced the tombstone and marker of said grave, and (d) drove a motor driven tractor of great weight over and across said tombstone and marker."

The injuries which Stella Boruta alleges she suffered and for which she sought to recover damages in the sum of $25,000 were "mental pain and anguish." Based upon said allegations that said acts and conduct of said defendant were "unlawful, grossly, negligent, malicious, wicked, wanton and cruel", the recovery of exemplary damages in the additional sum of $75,000 was sought.

L. M. DeLano, by his petition of intervention, adopted all "the allegations of wrongful acts, conduct and negligence of Henry M. Michels alleged and contained in the plaintiff's original petition in this cause." He alleged that he and Stella Boruta, while the latter was his wife, "purchased and placed at the head of the grave of the said child a tombstone and monument in memory of the said departed child at a cost of $25." The damages alleged to have been sustained by L. M. DeLano as the result of the wrongful acts, conduct and negligence of the defendant were: (1) $2,000 for "mental pain and anguish" suffered; (2) $25 by reason of the breaking of, and injury to, the tombstone. Upon the allegation that said acts of defendant were "malicious, wrongful, willful, and wanton", exemplary damages were sought to be recovered in the further sum of $1,000. DeLano prayed that the damages to be awarded him be "separate from other damages adjudged."

The case was submitted to a jury upon special issues. By their special verdict the jury found: (1) That Henry J. Michels, on or about the 8th day of February, 1937, with a plow, or a part thereof, struck, injured and damaged the tombstone. (2) That Henry J. Michels "at the time of striking, injuring and damaging of said tombstone" was the agent of defendant Henry M. Michels. (3) That at said time Henry J. Michels was acting within the scope of his employment as such agent of Henry M. Michels. (4) That the striking of the tombstone by Henry J. Michels was negligence. (5) Was a proximate cause of the injury. (6) That Henry J. Michels did not strike, injure or damage the tombstone with a motor driven tractor, or any part thereof. (7) That Jim Espinosa, during the year 1936 tore down, all, or a part of the fence on the

**219**

South, West and North sides of the cemetery. (8) That at the time said Espinosa was the agent of defendant. (9) And was acting within the scope of his employment as such agent of defendant. (10) That so tearing down the fence was negligence. (11) And was a proximate cause of the injury to the tombstone. (12) That defendant, acting alone or with Leon Perez on or about January 1, 1937, tore down and removed all or a portion of the fence on the East side of said cemetery. (13) That said tearing down and removing said fence was negligence. (14) And a proximate cause of the injury to the tombstone. (15) That $17.50 to Stella Boruta and $17.50 to L. M. DeLano were sums of money, if paid in cash, would compensate them for the injury to the tombstone sustained as a direct result of the negligence of the defendant Henry M. Michels, his agents and servants. (16) That Henry J. Michels "in striking, injuring and damaging" the tombstone with his plow, or a part thereof, was not guilty of gross negligence. (17) Nor was he guilty of gross negligence in "striking, injuring and damaging said tombstone with a motor driven tractor, or any part thereof. (18) That Jim Espinosa, during 1936, in tearing down all or a portion of the fence on the South, West and North sides of the cemetery was guilty of gross negligence; (19) That defendant knowingly authorized and directed Jim Espinosa to tear down "all or a portion of the fence on the South, West and North sides of the cemetery." (20) That defendant either acting alone or with Leon Perez, on or about January 1, 1937, was guilty of gross negligence in "tearing down and removing all or a portion of the fence on the East side of the cemetery." (21) That $800 should be allowed as exemplary damages. (Note: There was no indication by the verdict as to who was entitled to the exemplary damages, or if more than one, in what amounts the total was to be apportioned.) (22) That there was a fence around the cemetery at and prior to the time it was alleged that Jim Espinosa and Henry M. Michels tore down and removed the same. (23) That Henry J. Michels, on or about February 8, 1937, was not the owner of the land embraced in the cemetery and cultivating it for his own account at the time of the alleged wrongful acts.

Upon said verdict, the court, after declaring that the finding of $17.50 each in favor of Stella Boruta and L. M. DeLano for injuries to the tombstone was excessive and reducing same to $12.50 each (evidently to conform with the amount claimed in the pleading of said DeLano), gave judgment against the defendant Henry M. Michels as follows: In favor of Stella Boruta for $812.50 and in favor of L. M. DeLano for $12.50, each being awarded costs. The defendant has appealed.

Appellant by his first proposition contends that the pleadings of appellees set up a cause of action based upon willful trespass and were insufficient to authorize a recovery of damages due to the negligence of the appellant, his agents, servants or employees. The alleged wrongful acts of Henry M. Michels, although characterized in the pleadings as having been done "unlawfully", "wrongfully", "wickedly", "maliciously" and "wantonly" were also therein otherwise characterized as having been done "negligently." In the petition of L. M. DeLano, said acts, in addition to such characterization by Stella Boruta, whose allegations he adopted, were alleged to have been "willful."

In our opinion, had the alleged acts of Henry M. Michels and those of his alleged agents, servants and employees, charged to him, have been simply averred to have been *negligently done,* the pleadings would have been sufficient to state a cause of action based upon the tort of negligence. In Texas & P. Ry. Co. v. Murphy, 46 Tex. 356, 366, 26 Am.Rep. 272, it was said: "Negligence, in one sense, is a quality, attaching to acts dependent upon, and arising out of, the duties and relations of the parties concerned, and is as much a fact to be found by the jury, as the alleged acts to which it attaches, by virtue of such duties. * * *." Recognizing this as a correct statement of a general rule, the court, in Rowland & Bro. v. Murphy, 66 Tex. 534, 536, 1 S.W. 658, 659, logically deduced that "if the pleadings state facts from which a court or jury trying a cause may find that negligence existed, it would be error to sustain either a general or special demurrer to such pleading." To allege, for instance, that a brakeman negligently threw a switch would be the exact legal equivalent of an allegation that he threw the switch and that his act of throwing the switch was negligence. Hence, it is a sound legal proposition, we think, that, in alleging a cause of action for negligence, it is sufficient for the plaintiff to aver the act or omission claimed to constitute a breach or failure of duty owed by defendant to the plaintiff and simply designate such act or omission as having been negligently done. 30 Tex.Jur. 790, sec. 118; Missouri P. Ry. Co. v. Hennessey, 75 Tex.

155, 12 S.W. 608; Metzger v. Gambill, Tex. Civ.App., 37 S.W.2d 1077; Burnaman v. Hart, Tex.Civ.App., 34 S.W.2d 407; Washington v. Ravel, Tex.Civ.App., 14 S.W.2d 367; Peavy v. Hardin, Tex.Civ.App., 288 S.W. 588; Garrow, McClain & Garrow v. Allen, Tex.Civ.App., 260 S.W. 887; San Antonio St. Ry. Co. v. Muth, 7 Tex.Civ. App. 443, 27 S.W. 752; Galveston, H. & S. A. Ry. Co. v. Croskell, 6 Tex.Civ.App. 160, 25 S.W. 486.

■ In order that a pleading be sufficient to state a cause of action for damages based on negligence, it is necessary that it be averred that the alleged negligent act or omission was a proximate cause of the alleged injury. "A necessary allegation of the plaintiff's pleading is that the defendant's conduct was the 'proximate' cause of the injury or damage for which recovery is sought." 30 Tex.Jur. 790, sec. 118; Horton & Horton v. House, Tex.Com.App., 29 S.W.2d 984; Pratley v. Sherwin-Williams Co., Tex.Civ.App., 56 S.W.2d 510; Bleich & Co. v. Emmett, Tex.Civ.App., 295 S.W. 223.

But it is not necessary to the statement of a cause of action for negligence that the petition aver *expressly* that the alleged negligent act or omission was a proximate cause of the injury. The same authority, just quoted, in the next sentence says: "A direct averment to this effect is not, however, necessary where the facts stated show that the injury was the 'proximate' result of the defendant's 'negligence.'" Id.; Mercer v. Huff, Tex.Civ.App., 60 S.W.2d 327; Pratley v. Sherwin-Williams Co., supra; Canyon Power Co. v. Gober, Tex.Civ.App., 192 S.W. 802; City of Uvalde v. Stovall, Tex.Civ.App., 279 S.W. 889; 13 R.C.L. 498; 45 C.J. 1095.

In the instant case, if we assume the sufficiency of the pleadings to allege negligence, we think the results of the alleged negligent acts are so stated as to show, if true, that such negligence was the proximate cause of the alleged injuries. If so, that would be sufficient, we think, as a matter of pleading.

But the appellees did not stop with allegations to the effect that the wrongful acts, charged to appellant, were *negligently* done. They also averred that they were "wickedly, maliciously and wantonly" done "without any regard for the rights of plaintiffs." That by reason of such "wrongful, malicious, wicked and wanton acts and conduct" Stella Boruta suffered mental pain and anguish, and by reason of such acts and conduct, being unlawful, grossly negligent, malicious, wicked, wanton and cruel, she was entitled to recover exemplary damages." L. M. DeLano pleaded that the same acts were "malicious, wrongful, willful and wanton."

■ If the acts were maliciously done, they were willfully done. "In general" says Corpus Juris, "a malicious act involves all that is usually understood by the term 'willful' * * * Giving to the word 'malicious' its legal signification, a malicious act in a legal sense is defined as an unlawful act done *intentionally*, without just cause or excuse; a wrongful act *intentionally done* without cause or excuse; a wrongful act *intentionally done* without legal justification or excuse. In a legal sense, any unlawful act done *willfully and purposely* to the injury of another is as against that person malicious." (Italics ours.) 38 C.J. 353, sec. 16.

■ The pleadings of both Stella Boruta and L. M. DeLano alleged to the same effect that the acts of appellant were both negligent and willful. In so doing, the pleading, within the requirement that it "consist of a statement * * * of the facts" as prescribed in R.S.1925, Art. 1997, was insufficient to allege either that the acts were negligent or willful. "Accurately speaking", says Corpus Juris, "the terms 'negligence' and 'willfulness' are incompatible, and signify the opposites of each other, in that absence of intent is a distinguishing characteristic of negligence, whereas willfulness cannot exist without purpose or design, * * * The phrase 'willful negligence' is a contradiction in terms, for to say an injury resulted from the negligent and willful conduct of another is to affirm that the same act is the result of two opposite mental conditions, heedlessness and purpose or design. The difference between negligence and willfulness is a difference in kind and not merely a difference in degree, and accordingly, negligence cannot be of such a degree as to become willfulness, while, on the other hand, a willful act involves no negligence." 45 C.J. 672, sec. 37.

■ To what result does the application of the law as thus declared lead? The same great authority from which the preceding quotation is taken, answers that question as follows: "Since the words 'negligence' and 'willfulness' are incompatible, and a cause of action sounding in

ordinary negligence is one thing and one sounding in willful misconduct is another, plaintiff, in a single count, must proceed upon one theory or the other, and cannot, in the absence of statute permitting it, allege in such count both simple negligence and willful misconduct, as by alleging that the injury was caused by careless, negligent, wanton and willful misconduct; and where a single count joins such allegations, it is proper to attack the pleading by demurrer * * *." 45 C.J. 1091, sec. 663. In order to avoid such 'effect, Corpus Juris still further says: "If plaintiff is uncertain as to whether the evidence will show that the injuries complained of were caused by simple negligence or by willful misconduct, he may so frame his complaint as to avail himself of either contingency, by setting forth the acts alleged to have caused the injuries in one count as constituting simple negligence, and in another count as constituting willful misconduct * * *." Id.

A consideration of these principles leads this court to the conclusion that the pleadings in this case are so contradictory as to constitute no sufficient essential support for a judgment for the appellees based upon either negligence or willful misconduct. We think it may, with confidence, be said to be a sound legal proposition, applicable here, that a pleading not embodying alternative allegations or separate counts, which alleges facts material to a cause of action, some of which facts are inconsistent with, or repugnant to, other such facts, to the extent that if one be true the other cannot be true, states no cause of action, and the pleading is subject to a general demurrer. Townes Texas Pleading p. 425; Hillebrant v. Booth, 7 Tex. 499, 501; Rowe v. Horton, 65 Tex. 89; Steinback v. City of Galveston, Tex. Civ.App., 41 S.W. 822; Barry v. Screwman's Benev. Ass'n, 67 Tex. 250, 251, 3 S. W. 261; Kynerd v. Security Nat. Bank, Tex.Civ.App., 207 S.W. 133; Stephens v. Stephens, Tex.Civ.App., 281 S.W. 1096; Stanley v. Sumrell, Tex.Civ.App., 163 S. W. 697; Reuter v. Nixon State Bank, Tex. Civ.App., 206 S.W. 715; Wood v. Security Pet. Co., Tex.Civ.App., 282 S.W. 943.

Our conclusion, in accordance with the contention of appellant, that the pleadings were insufficient to authorize a judgment based upon negligence, and our further conclusion, contrary to the view of appellant, that no cause of action for a willful misconduct was alleged, renders it unnecessary to discuss all of the other contentions of the appellant. .

It appears to be true, as contended by appellant in his second proposition, that the pleadings of Stella Boruta asserted no claim for damages for injury to the tombstone. Her claim of damages included only those for mental pain and anguish and exemplary damages. By so particularly specifying the damages claimed there was an implied exclusion of any claim of damages to the tombstone. Besides it is doubtful, we think, if her pleadings were otherwise sufficient to authorize recovery of damages to the tombstone. She alleged that the tombstone was erected by her "at expense." Her right to recover would be predicated upon ownership of the tombstone. She was divorced from her former husband. It may be questionable, we think, whether the fact that the tombstone was erected by Stella Boruta "at expense" as alleged by her, or that Stella Boruta and her former husband purchased it at a cost of $25 as alleged by the latter, would be sufficient in either case to supply by implication the essential fact that their ownership at the time in question was as tenants in common, each owning a one-half interest, and entitled to recover one half the damages thereto. At any rate the facts should be alleged to show ownership and the extent of such ownership.

As to the question of the right of appellees to recover as a part of actual damages resulting from a trespass or negligence damages for injury to the feelings—mental pain and anguish—in the absence of any other actual damages, it seems to have been settled by decision of the Supreme Court in Gulf, C. & S. F. Ry. Co. v. Trott, 86 Tex. 412, 25 S.W. 419, 40 Am.St.Rep. 866, that there exists no such right of recovery. 13 Tex.Jur. 221, sec. 119.

It may be regarded as a settled proposition of law that in the absence of actual damages there can be no recovery for exemplary damages. 13 Tex.Jur. 240, sec. 142. In this case, no issue was submitted or finding made of any damages for mental pain and suffering. Although such damages were claimed by the pleadings separately from exemplary damages, the court, without objection so far at least as any point is made of the matter upon this appeal, directed the jury, in connection with the issue on exemplary damages, to consider "injury to the feelings and mental suffering of the plaintiff, Stella Boruta."

This, no doubt, accounts for Stella Boruta being accorded, by the judgment, recovery of all the exemplary damages to the exclusion of her former husband and father of the child.

We are also inclined to agree with appellant that as a matter of law the undisputed evidence established conclusively that the acts of appellant in tearing down the fence was not the cause, or the proximate cause, of the injury to the tombstone. Upon this point the record in this case is the same as in the case of Michels v. Crouch, 122 S.W. 2d 211.

Being of the opinion, for the reasons discussed, that the judgment of the court below was erroneous and that same should be reversed and the cause remanded, it is accordingly so ordered.